[S. F. No. 6512.  In Bank.—January 2, 1914.]

## A. BOYER, Appellant, v. W. H. BARROWS, Respondent.

STATUTE OF LIMITATIONS—AGREEMENT FOR DIVISION OF FEES· BETWEEN
   ATTORNEYS—FRAUDULENT CONCEALMENT OF PART OF ·COLLECTION—
   ACTION FOR PORTION OF FEE.—An action by an attorney at law
   against another to enforce an oral agreement between them for
   the equal division of fees which they might receive for legal services
   rendered a client, and to recover, in pursuance of such agreement,
   the plaintiff's portion of a fee which had been collected by the
   defendant for such services, the payment of which he had fraudu-
   lently concealed from the plaintiff, is barred by the statute of
   limitations, subdivision 1 of section 339 of the Code of Civil Pro-
   cedure, upon the expiration of two years after the plaintiff's dis-
   covery of the fraudulent concealment.

ID.—ACTION NOT BASED ON FRAUD—DISCOVERY OF FRAUD.—Such action
   is not one for relief on the ground of fraud, within the meaning
   of subdivision 4 of section 338 of the Code of ·Civil Procedure,
   although the effect of the fraudulent concealment from plaintiff
   of his right of action prevented the running of the statute until the
   discovery of the fraud.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

A. Boyer, *in pro. per.*, for Appellant.

T. W. Hubbard, for Respondent.

HENSHAW, J.—A demurrer, setting up the bar of the
statute of limitations (Code Civ. Proc., sec. 339, subd. 1),
was interposed to plaintiff's amended complaint and sus-
tained.  From the judgment which followed he appeals.  The
complaint averred the following facts: Plaintiff and defend-
ant, both attorneys at law, had for a client one Captain
White, and agreed that they would divide equally between
them the fees which they might receive for legal services
rendered him.  Services were rendered.  In August, 1903,
during the absence of the plaintiff from the state, and with-
out his knowledge, the defendant received and accepted from
White the sum of one thousand dollars in full payment for
these legal services.  Defendant kept and used all this money.

Thereafter, in September, 1903, defendant wrote to plaintiff, who was still absent from the state, to the effect that he had collected nothing and that there was no prospect of his collecting anything from Captain White. On the seventeenth day of April, 1907, at San Francisco, plaintiff for the first time learned of the receipt by defendant of the one thousand dollars, and made demand upon him for one-half thereof. Defendant then and there paid plaintiff sixty dollars on account of the five hundred dollars to which plaintiff was entitled, and though frequently requested so to do defendant has failed, neglected, and refused to pay the remainder of the sum due plaintiff. Plaintiff demanded judgment against the defendant for the sum of four hundred and forty dollars with legal interest and costs. This action was commenced on April 16, 1910—more than two years after the date of the discovery by plaintiff of defendant's reception of the money and deception in reference thereto. Plaintiff insists that his action is that contemplated by subdivision 4, section 338 of the Code of Civil Procedure, and that he is within the three years' time limit therein fixed.

If plaintiff's action is "an action for relief on the ground of fraud" he is right in his contention. But is it such an action? Clearly not. In tenor, terms, and effect the complaint charges upon the original liability, that original liability arising from the duty of the defendant to pay to plaintiff one-half of the moneys which he received. No relief of any kind is asked against the defendant because of his fraud. True, the effect of the fraudulent concealment from plaintiff of his right of action raised an estoppel against the defendant which would prevent him from pleading the statute of limitations against plaintiff's action if timely brought after discovery of the fraud; or in other words during the time that plaintiff was the victim of defendant's concealment the statute of limitations did not run against his right of action. But he asserts that he made full discovery on the seventeenth day of April, 1907. The statute of limitations then immediately began to run against his right of action. Eliminating for the moment all consideration of fraud, what statute of limitations is applicable to the case? Clearly that declared in section 339, subdivision 1, which limits to within two years the right of action upon a contract, obligation, or liability not founded upon an instrument in writing. It matters not

that the relationship be called a trust relationship. Many contracts and every agency embrace such a trust relationship and the time of the running of the statute is not affected thereby. Manifestly the action is a simple one upon the original liability, an action for money had and received. It is well settled, as has been above stated, that fraud such as here pleaded suspends the running of the statute. (*Kane* v. *Cook,* 8 Cal. 449; *Lightner Mining Co.* v. *Lane,* 161 Cal. 689, [Ann. Cas. 1913C, 1093, 120 Pac. 771].) It is equally true that where relief on the ground of fraud is of the essence of the action, the three years' period contemplated by section 338, subdivision 4, applies. A typical instance of this is found in *Vance* v. *Supreme Lodge,* 15 Cal. App. 178, [114 Pac. 83.] There plaintiff had been fraudulently induced by the defendant to state and settle his accounts monthly with defendant. He discovered that he had been defrauded and brought his action within the three years contemplated by section 338, subdivision 4. But not only did his action seek relief from the fraud, but it was essential to the success of his action that he obtain this relief. He sought relief by asking to have the settlement of his accounts with defendant vacated and annulled on the ground of defendant's fraud, for otherwise this settlement would have been a complete defense to the action. Then, with this accomplished, he further sought a recovery of the moneys justly due to him. The same is true of the Lightner Mining Company case, where there was a fraudulent taking of the defendant's ore and a fraudulent concealment of the taking. This is pointed out with particularity, it being said that the fraudulent concealment stayed the running of the statute of limitations for the trespass, and "that the pleadings also make a case coming within subdivision 4 of section 338 of the Code of Civil Procedure relating to actions for relief against fraud." No such relief was here sought. The sole legal effect of the fraud pleaded was to suspend the running of the statute and to give plaintiff two years after the discovery within which to commence the action which he did commence upon the original liability. He did not begin it in time.

The judgment appealed from is therefore affirmed.

Sloss, J., Angellotti, J., Lorigan, J., and Melvin, J., concurred.