[Civ. No. 5713.  First Appellate District, Division One.—March 26, 1927.]

# G. J. OTTEN, Respondent, v. RIESENER CHOCOLATE COMPANY (a Corporation), Appellant.

[1] CORPORATE SECURITIES ACT—FAILURE TO EXHIBIT OR DELIVER PERMIT TO PURCHASER — ILLEGALITY OF SALE — PUBLIC OFFENSE — RESCISSION.—A sale of corporate stock made contrary to the terms of a permit issued by the commissioner of corporations, in that a true copy of the permit was not exhibited or delivered to the purchaser of the stock, is illegal and void, as the act of selling in violation of such permit constitutes a public offense as such offense is defined by section 14 of the Corporate Securities Act; and such purchaser is entitled to recover the purchase price paid upon tendering the return of the stock.

[2] ID.—VOID SALE—RESCISSION—EXHIBITION OR DELIVERY OF PERMIT TO PURCHASER—FINDING—EVIDENCE—APPEAL.—Matters going to the credibility of a witness and to apparent inconsistencies in his testimony are for the consideration and determination of the trial court; and in an action for rescission of the sale of corporate stock on the ground that the sale was void, the acceptance by the trial court of plaintiff's testimony upon which alone a finding that a copy of the permit of the commissioner of corporations was not exhibited or delivered to plaintiff is based, is controlling on appeal, where plaintiff's testimony cannot be said to be inherently improbable or impossible of belief.

[3] ID.—RESCISSION—NOTICE—FRAUD—CONSIDERATION.—In such action, assuming that under the circumstances of a void sale the service of a notice of rescission is essential, the form and substance of the one served by plaintiff met all legal requirements, where the rescission was placed upon two distinct grounds of fraud and total failure of consideration.

[4] ID.—CONDITIONS IN PERMIT—POWER OF COMMISSIONER OF CORPORATIONS.—The corporation commissioner has the right to impose as a condition for the sale of the stock that a copy of the permit should be exhibited and delivered to each prospective subscriber, for there is no express limitation in the statute placed upon his power relating to the conditions he may impose; and he may in fact, under

1.  See 6 Cal. Jur. 779, 781.
2.  See 27 Cal. Jur. 186.
3.  See 6 Cal. Jur. 772.

section 4 of the Corporate Securities Act, even deny the issuance of a permit in any form, if in his judgment the plan of business disclosed by the application does meet the demands of the statute.

---

(1) 13 C. J., p. 410, n. 88, p. 421, n. 81; 37 C. J., p. 277, n. 43, 49. (2) 4 C. J., p. 848, n. 36. (4) 37 C. J., p. 272, n. 66.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. N. Rector, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Hankins & Hankins and O. F. Nuckolls for Appellant.

Frederick Olds and Werner Olds for Respondent.

KNIGHT, J.—The defendant corporation has appealed from an adverse judgment in an action for the rescission of a sale of corporate stock and for the recovery of the purchase price paid therefor.

The complaint contained two causes of action, the first based upon alleged fraud and the second upon a void sale, it being alleged with reference to the latter that the sale was not made in conformity with the terms of the permit issued by the commissioner of corporations. The action was tried without a jury, the trial court finding that the sale was free from fraud, but was made contrary to the terms of the corporation commissioner's permit and was therefore illegal. Judgment in plaintiff's favor was thereupon entered for the repayment to him of the amount of purchase price, with interest.

The record discloses the following facts: Appellant was incorporated under the laws of this state in January, 1919, with a capital stock of 5,000 shares of the par value of $100 each, and on February 17, 1919, was granted a permit by the commissioner of corporations to sell 4,000 shares of its stock at par for cash, upon certain conditions specified in said permit and hereinafter referred to. About April 5, 1920, respondent G. J. Otten purchased 15 shares of said stock, paying therefor $1,500. At that time he was employed by appellant at its plant as temporary night watchman and continued in that employment for approximately

six weeks. On November 18, 1920, he served notice of re-
scission of the sale and offered to return the stock upon the
grounds of fraud and misrepresentation, and failure of con-
sideration; and made demand for the return of the purchase
price paid. Appellant refused to accept the return of the
stock, or to refund the purchase price, and as a result re-
spondent, on April 5, 1921, commenced this action.

[1] Among the other facts found by the trial court were
the following: That the permit for the sale of said stock
"had incorporated therein the following condition: 'This
permit is issued upon the condition that a true copy thereof
be exhibited and delivered to each prospective subscriber
for, or purchaser of, said securities, before his subscription
therefor shall be taken or any sale thereof made to him';
and that, at the time of the sale of said stock by the defend-
ant and its officers and agents to the plaintiff, the said condi-
tion was not observed . . . that a copy of this permit was
never shown nor exhibited to the plaintiff by the defendant
or its officers or agents, or anyone else, nor a copy thereof
given to plaintiff, either before or at the time of purchase
of said stock or at any time thereafter."

Section 4 of the Corporate Securities Act of this state
provides in part that if an application for the sale of stock
is granted "the commissioner shall issue to the applicant
a permit authorizing it to issue and dispose of securities, as
therein provided, in this state, in such amounts and for
such considerations and upon such terms and conditions as
the commissioner may in said permit provide . . . "; and
section 14 of said act declares that "Every officer, agent,
or employee of any company, and every other person, who
knowingly authorizes, directs, or aids in the issue or sale of,
or issues or executes, or sells, or causes or assists in causing
to be issued, executed, or sold, any security, in nonconform-
ity with a permit of the commissioner then in effect au-
thorizing such issue, or contrary to the provisions of this
act, or of the Constitution of this state . . . is guilty of a
public offense and shall be punished by imprisonment" or
by a fine, or by both such fine and imprisonment. (Stats.
1917, pp. 676 and 680.)

In the case of *Smith* v. *Bach*, 183 Cal. 259 [191 Pac. 14],
it is held: "That where a statute prohibits or attaches a
penalty to the doing of an act, the act is void, and this, not-

withstanding that the statute does not expressly pronounce it so, and it is immaterial whether the thing forbidden is *malum in se* or merely *malum prohibitum.* A statute of this character prohibiting the making of contracts, except in a certain manner, *ipso facto* makes them void if made in any other way. (13 Cyc. 351; 13 Cor. Jur., p. 410.) The imposition by statute of a penalty implies a prohibition of the act to which the penalty is attached, and a contract founded upon such act is void. This general rule finds support in the decisions of this state (*Berka* v. *Woodward,* 125 Cal. 127 [73 Am. St. Rep. 31, 45 L. R. A. 420, 57 Pac. 777], and cases cited; *Bentley* v. *Hurlbert,* 153 Cal. 796 [96 Pac. 890]).''

In the instant case, the trial court having found that the sale of said stock to respondent was made in violation of the terms of said permit, the act of selling constituted a public offense, as such offense is defined by section 14 of said act; and it follows under the authorities above cited that the sale was illegal and void, which entitled respondent to recover the purchase price paid upon tendering the return of the stock.

Appellant has presented considerable argument in its brief and cited a number of authorities in support of the contention it makes that under the provisions of the Corporate Securities Act ''a failure to exhibit the permit (in violation of the terms thereof) does not make the issuance of the stock void.'' We think that question is not involved, it being the illegality of the sale of the stock and not the illegality of the issuance of the stock which justifies the judgment in respondent's favor for the return of the purchase price paid.

[2] It is also urged that the evidence is insufficient to support the finding that a copy of said permit was not exhibited or delivered to respondent. With respect thereto the record shows that the finding mentioned is based upon respondent's testimony alone, the treasurer of said corporation, who negotiated the sale, having died about two years prior to the trial of the action; and appellant claims that respondent's testimony is ''so contradictory, uncertain, evasive, and hazy to be unworthy of belief'' and is therefore insufficient to overcome the presumptions of law that a person is innocent of a crime or wrong, and that the law has

been obeyed.   (Subds. 1 and 33, sec. 1963, Code Civ. Proc.)
Matters going to the credibility of a witness, however, and
to apparent inconsistencies in his testimony are for the con-
sideration and determination of the trial court, and since
the testimony of respondent cannot be said to be inherently
improbable or impossible of belief, the acceptance thereof
by the trial court is controlling on appeal.

[3]   We find no merit in appellant's point relating to the
asserted insufficiencies of the notice of rescission, for assum-
ing that under the circumstances of a void sale the services
of a notice of rescission is essential, the form and substance
of the one served by respondent met all legal requirements,
the rescission being placed upon the two distinct grounds of
fraud and total failure of consideration.

[4]   Nor can we sustain appellant's contention that it
was beyond the right of the corporation commissioner to
impose as a condition for the sale of the stock that a copy
of the permit should be exhibited and delivered to each
prospective subscriber, for there is no express limitation in
the statute placed upon his power relating to the conditions
he may impose; and he may in fact, under section 4 of
said act, even deny the issuance of a permit in any form,
if in his judgment the plan of business disclosed by the ap-
plication does not meet the demands of the statute.

For the reason above stated the judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition to have the cause heard in the supreme court,
after judgment in the district court of appeal, was denied
by the supreme court on May 23, 1927.