[S. F. No. 12021. Department One.—April 18, 1929.]

ALICE A. SALLES, Appellant, v. ALBERT S. LOANE et al., Executors, etc., Respondents.

Aitken & Aitken and Marion Vecki for Appellant.

Harry F. Sullivan for Respondents.

PRESTON, J.—This is an appeal from a judgment in favor of defendants, sustaining their rejection of a claim presented by plaintiff against the estate of Abraham Loane, deceased.

The facts as found by the court follow: Upon the death of one John Loane there was distributed to Abraham Loane, for the full term of his natural life, with remainder to his two daughters, Alice A. Salles and Mabelle Donahue, share and share alike, certain real property occupied by a lessee, who had the privilege, under an option clause in the lease, of purchasing said property within a specified time for the sum of $15,000. The lessee duly exercised said option and received a deed to the property from Abraham Loane as life tenant and from his said daughters as remaindermen, paying these parties the sum of $15,000 therefor.

Said three parties thereupon agreed to and did expend $1,000 of said sum for the adornment of a family cemetery plot; $2,000 thereof was given to Alice A. Salles and $2,000 to Mabelle E. Donahue. This left a balance of

$10,000, which they deposited in joint and survivorship savings accounts in two banks under written agreement executed by all three of them "by virtue of which it was understood and agreed by said three parties and the respective banks in which said moneys were so deposited, that the moneys therein deposited might be withdrawn upon the written order of either of the three persons whose names were signed to the contract, and without reference to the original ownership of the moneys deposited."

Pursuant to this agreement and to their further mutual understanding that said sum of $10,000 and interest thereon should be drawn upon by said Abraham Loane during his life-time for his maintenance and support, and that upon his death the balance thereof should belong, share and share alike, to his said daughters, Abraham Loane withdrew from time to time during the remaining six years or so of his life from said savings accounts various sums, which he used for his support, all withdrawals being so made by him with the consent and knowledge of his said daughters and pursuant to the agreement above set forth. Upon his death the total sum remaining on deposit was $2,559.04, one-half of which, or $1,279.52, was paid to Alice A. Salles and the other half to said Mabelle E. Donahue.

Thereafter the last will and testament of said Abraham Loane was duly admitted to probate, whereupon said Alice A. Salles presented to defendants herein, as executor and executrix, her claim against his estate for the difference between half of said $10,000, to wit: $5,000 and the sum of $1,279.52 theretofore received by her as aforesaid, or $3,720.48. Said claim was promptly rejected and this action brought to recover thereon.

Finding that Abraham Loane did not convert to his own use any portion of said sum of $10,000 to which he was not entitled, and that plaintiff had knowledge of the withdrawals made by him, the court concluded that she was entitled only to said sum of $1,279.52 already received by her, wherefore judgment was duly entered in defendants' favor and plaintiff has appealed.

Appellant's chief attack is directed against the finding that the parties, for the purpose of effacing the life estate of Abraham Loane, entered into the agreement as above set forth. In other words, appellant contends that the life

estate was not eliminated when said sum of $10,000 was deposited in joint and survivorship bank accounts, but that when the estate in the real property was changed by sale of the land into an estate in money, the life estate of Abraham Loane therein, with the remainder over to his two daughters, continued; hence, as life tenant, he was entitled to use of the earnings of said estate of $10,000 only, but he could not dissipate or spend the principal sum which he held as trustee for the remaindermen.

Even if it were true in this case that upon sale of the property Abraham Loane became the owner of a life estate in the proceeds thereof and a trustee of the principal sum for the benefit of his daughters, nevertheless it was within the power of the parties to and, under the evidence, they did change the status of such estate by their said agreement, the effect of which was to terminate the life estate of Abraham Loane, to make partial distribution to the remaindermen and to bank the balance in the name of all three parties in joint and survivorship savings accounts for their benefit, subject, however, to withdrawals by the father during his lifetime. The evidence compels the conviction that the agreement between Abraham Loane and the two daughters was as found by the court.

If the effect of the sale and the subsequent action of the parties and their purpose was merely to transmute the life estate in the real property into a life estate in the money received from sale thereof, it is plain that both plaintiff and her sister erred in accepting $2,000 each out of the $15,000 received; neither was it proper in such case to expend $1,000 thereof for a vault. In other words, if it was not the intent and purpose of the parties to efface the life estate, but their intention was to enforce it and to limit the father during his lifetime to use of the earnings of the principal sum, and to hold him liable as trustee for their benefit, then surely he was entitled to have not only earnings from $10,000, but earnings from the undiminished principal sum of $15,000.

Having consented to a one-third depletion of what she now alleges was an estate held by her father for life and in trust for the benefit of herself and her sister, and having accepted as her own $2,000 thereof, how can plaintiff now take advantage of that fact and urge any claim that her

understanding of the situation was other than what her acts and conduct plainly showed it to be—namely, an understanding that they were terminating the life estate, a portion of which was being distributed to and accepted by her as one of the remaindermen and the rest of which she and her sister were reserving subject to such withdrawals from it as their father might care to make?

Mabelle Donahue, whose testimony is uncontradicted, stated that before the $15,000 was received, its disposition was fully discussed by all the parties, and the agreement as found by the court was reached. Her position was that she did not care how much of the money her father used so long as she had enough to buy an automobile. The deposit agreement signed by the parties is set forth in the record. It specifically provides for withdrawals "without reference to the original ownership of the moneys deposited." The evidence, including testimony of witnesses from the banks, shows that the pass-books were in the possession of Abraham Loane at all times, as without them he would have been unable to withdraw money.

The record abundantly supports all of the findings and the judgment. The case of *Conneally* v. *San Francisco Savings etc. Soc.*, 70 Cal. App. 180, 183 [232 Pac. 755], and cases cited therein, are in point and support our conclusion.

Judgment affirmed.

Curtis, J., and Seawell, J., concurred.