[Civ. No. 7440. First Appellate District, Division Two.—August 19, 1930.]

JAMES REILLY, Executor, etc., Appellant, v. ANNIE FILBEN, Respondent.

James A. Himmel for Appellant.

William A. Kelly for Respondent.

BURROUGHS, J., *pro tem.*—This is an action by James Reilly, as executor of the estate of Mary E. Reilly, deceased, to recover from the defendant, Annie Filben, the sum of $3,882.98, alleged to be due from the defendant for money had and received by her for the use and benefit of said estate. The court found in favor of the defendant and from the judgment entered in conformity therewith the

plaintiff has appealed. In support of the appeal it is claimed that the evidence is insufficient to justify the findings of the court.

[1] The rule of law is well settled that where there is substantial evidence to sustain the findings of the trial court, said findings may not be disturbed on appeal. (*Steinberger* v. *Young*, 175 Cal. 81 [165 Pac. 432].) ▮ We are of the opinion that the following evidence sustains the findings of the court, and these, in turn, support the judgment:

Annie Filben testified in substance that she is the surviving sister of said Mary E. Reilly and that James Reilly, the executor of her sister's estate is her brother; that her said sister died January 25, 1928; that on August 16, 1925, she became a member of her sister's household, and, until the death of the latter, had full charge of the household affairs, doing the housework, buying the groceries and other household necessities; that her sister furnished the funds for these several purposes. It further appears in the record that prior to January 31, 1927, said Mary E. Reilly, had on deposit with the Hibernia Savings and Loan Society of San Francisco the sum of $3,882.98; that on the last-mentioned date Mary E. Reilly executed the following instrument: "Transfer balance due on my account to a joint account in the names of Mary E. Reilly or Annie L. Filben, payable to either or the survivor of them." This was signed by Mary E. Reilly and written on the back are the names of Annie L. Filben and Mary E. Reilly.

This instrument was taken to the said Savings and Loan Company on the day of its execution by Annie L. Filben and the transfer was made to the joint account of said parties. On February 25, 1927, Annie L. Filben went to the Hibernia Savings and Loan Society and had the joint account transferred to her own name.

Annie L. Filben further testified that the first time her sister spoke of opening a joint account with her was in December, 1926, and early in January, 1927, she spoke of it again. The reason she gave for the transfer was: "That I would have control of the money, and use it for the benefit of the house, and whatever she left would belong to me." She further testified that "The reason the joint account was changed to my individual account was because my sister

heard Tom Reilly demanding money of me and one day I was going to give him some and she pulled it back and said not to give him any. I told her he had been down and inquired about the joint account and she said to go and put that money in my own name, and she said not to give him any—'he has had enough.' This statement was made by my sister in my presence and that of a Mrs. Murray. The bank book was kept in the drawer of a bureau in my sister's room. After the account was put in my name I continued to pay for the necessaries, taxes, insurance, and also the doctor's and the undertaker's bills. Before the joint account was opened my brother Tom was sent by my sister to the bank to get the necessary papers to transfer her account to the joint account. After the joint account had been opened, she told our brother James to get her a lawyer, as she wanted to make a will, but she told him she had some money in the bank that no one could draw out except she and I. The next day her will was made. Up to the time of her death she never said anything about claiming the money against me. She said that what was left after the bills were paid should belong to me."

Annie Murray testified that she heard the conversation about putting the money in a joint account with Annie. She, Mary E. Reilly, said that when the book was transferred her mind would be at rest. Mrs. Filben and Jim Reilly were both present at this conversation. After the transfer had been made she said she wanted Mrs. Filben to have the money. She always desired that she should have the money in the bank. ▮ The appellant claims that when Mary E. Reilly transferred her personal account to the joint account of herself and Annie L. Filben it was for the purpose of paying the household bills and other necessary expenses; and that such being her intention, it was not such a surrender of her control of the account as would constitute a gift, either *inter vivos* or *causa mortis*, and that the account is a part of her estate to which the administrator is entitled.

We are of the opinion that this claim is answered by section 15a of the Bank Act of March 1, 1909 (Stats. 1909, p. 87), and subsequently re-enacted in section 16 of that act (Stats. 1921, p. 1367), which, so far as necessary to this decision, provides that "When a deposit shall be made by

any person in the names of such depositor and another person and in form to be paid to either or the survivor of them, such deposit and any additions thereto made by either of such persons after the making thereof, shall become the property of such persons as joint tenants, and may be paid to either during the lifetime of both or to the survivor after the death of one of them. The making of the deposit in such form shall, in the absence of fraud or undue influence, be conclusive evidence, in any action or proceeding to which either such savings bank or the surviving depositor is a party, of the intention of both depositors to vest title to such deposit and the addition thereto in such survivor."

This section of the act has been construed in *Conneally* v. *San Francisco Sav. & Loan Soc.*, 70 Cal. App. 180 [232 Pac. 755, 756]. In this case a wife had caused the defendant bank "to transfer from her separate account on deposit in said bank the said sum of three thousand dollars into a new account, which was thereupon opened in the names of 'Delia Murphy and Patrick Murphy' wherein its was stipulated that all moneys, then or at any time deposited by them or either of them with the defendant bank to the credit of said account should be payable to either of them or to the survivor of them without reference to the original ownership of the moneys deposited." The action was brought to compel the defendant Murphy to pay the moneys in his hands to the administrator of the estate of Delia Murphy, deceased, on the ground that it was her separate estate.

The court held that it was her separate estate and awarded a judgment as prayed for in the complaint. In reversing the judgment it was held that "when a written instrument is executed by a husband and wife on opening an account with a bank agreeing that the deposit when made and all accumulations thereof should be held by them as joint tenants with the right of survivorship, each is seized of the whole estate from the creation of the tenancy and the whole vests in the survivor without regard to the prior ownership or title to the property." (Citing a number of authorities in support thereof.) It is further held that if there is any doubt as to the controlling effect of said decisions it is removed by the section of the Bank Act cited above. The rule laid down in *Conneally* v. *San Francisco Sav. & Loan*

*Soc., supra,* is cited with approval in *Salles* v. *Loane,* 204 Cal. 55 [266 Pac. 528].

In the case at bar, the intention that the account should be a joint account, with right of survivorship, is evidenced by an instrument in writing, signed by the parties. Therefore, under the Bank Act, *supra,* in the absence of fraud or undue influence, it is conclusive evidence that it was the intention of both parties to vest the title to such deposit in the survivor.

If, however, such was not the case, and parol evidence was properly admissible to prove the intent, we are satisfied that such evidence is amply sufficient to sustain the findings of a joint account, with right of survivorship. (*Williams* v. *Savings Bank of Santa Rosa,* 33 Cal. App. 655 [166 Pac. 366].)

We are also satisfied that when Mrs. Filben withdrew the money from the joint account and placed it in a separate account, it could not affect her rights so as to deprive her of the benefit of the money.

The judgment should be affirmed, and it is so ordered.

Sturtevant, J., and Nourse, P. J., concurred.