[Civ. No. 8240. First Appellate District, Division Two.—February 23, 1932.]

A. B. KLOMBIES, Respondent, v. WEEKS POULTRY COMMUNITY, INC., (a Co-operative Marketing Corporation), Appellant.

176

George C. Johnson for Appellant.

Kiggens & Hoffman for Respondent.

JAMISON, J., *pro tem.*—This action was brought to declare void and annul plaintiff's application for a certificate of membership in defendant's organization, also a contract alleged to have been executed in connection with the said membership, and to cancel a note given in payment of the fee owing defendant for said membership, and to recover the sum of $66.77 paid thereon.

Plaintiff had judgment declaring void said membership and said contract and ordering the cancellation of said note.

Defendant moved for a new trial and same being denied prosecutes this appeal. Appellant is a nonprofit co-operative corporation, the members thereof being engaged in the poultry business, and the purpose of the said organization being to assist them in marketing their products and purchasing supplies necessary for their business. On August 24, 1926, a supplemental permit was issued to appellant by the commissioner of corporations authorizing appellant to sell and issue 300 membership certificates for $200 each, to be paid in cash or part cash and the remainder by promissory note. Said permit contained the following pro-

vision: "This permit is issued upon the condition that a true copy of said permit be exhibited and delivered to each prospective subscriber for, or purchase of said securities before his subscription therefor shall be taken, or any sale thereof made."

On September 3, 1926, respondent entered into an agreement with appellant to purchase a membership in appellant's said organization, paying his membership fee by the execution of his note for $200. His application was accepted and certificate of membership issued to him and at the same time also entered into a marketing contract with appellant whereby, as a member of said corporation he agreed to pack, crate, ship and market all of his poultry, eggs, etc., through said corporation.

The court found that this appellant, its officers or agent, did not exhibit and deliver to respondent a true copy, or any copy, of said permit at the time he purchased said membership, nor had appellant at any time exhibited or delivered a copy thereof to respondent until long after said purchase.

■ The failure to comply with the terms of the permit in not exhibiting a copy of it to the prospective subscriber before his subscription shall be taken, or sale made, renders such subscription or sale void. (*Otten* v. *Riesener Chocolate Co.*, 82 Cal. App. 83 [254 Pac. 942]; *Castle* v. *Acme Ice Cream Co.*, 101 Cal. App. 94 [281 Pac. 396].)

■ Appellant claims that there is no evidence that a copy of the permit was not exhibited to respondent before his subscription was taken. There is no merit in this contention. Respondent testified that at the time he entered into the agreement to become a member of appellant's association and at the time he entered into the said marketing contract, a copy of the supplemental permit was not exhibited to him and that the first time he saw a copy of it was some four months after his subscription had been taken. This testimony is not denied. This being true, the finding of the court that the said application for membership and said membership are void for the reason that a true copy of said permit was not exhibited to, or delivered to, respondent before taking his application for membership in said organization is fully supported by the evidence.

The court further found that the application for membership, the marketing agreement, the promissory note for $200 and the agreement for a payment of said note, all dated September 3, 1926, constituted one contract.

The application for membership contained the following agreement: ''I hereby agree that, if elected a member, I will be bound and governed by each and every provision contained in the articles of incorporation, in the by-laws and in the rules and regulations then in force and the rules and regulations which may be subsequently adopted and will sign the by-laws as evidence thereof. I will execute to the association a contract that I will deliver to it for packing, shipping and marketing by it through its facilities and agencies all poultry, eggs and other agricultual products grown · or produced from said land.'' It is not denied that L. V. Luck, the agent of appellant, represented to respondent that every member of the organization was compelled to execute the said marketing contract. This agent pointed out to respondent the advantages that would accrue to him by becoming a member and executing the marketing contract and called his attention to several persons who were not members of the organization, and who by reason thereof, were operating under disadvantages and at a loss.

Respondent's application for membership, his marketing agreement and his execution of the $200 note and agreement with reference thereto were all made at the same time and were one transaction.

Several contracts relating to the same matters, between the same parties and made part substantially of one transaction are to be taken together. (Sec. 1642, Civ. Code; *Grachi* v. *Friedlander*, 93 Cal. App. 770 [170 Pac. 235]; *Cobb* v. *Doggett*, 142 Cal. 142 [75 Pac. 785]; 6 Cal. Jur. 298.)

The consideration respondent was to have received in becoming a member of appellant's association and executing the marketing contract and promissory note was that as such member he would receive the aid of the association in packing, shipping and marketing the products of his poultry · farm. It was only as a member that he would receive this aid from the association.

If any part of a single consideration for one or more objects, or of several considerations for a single object, is

unlawful the entire contract is void. (Sec. 1608, Civ. Code; *Teachout* v. *Bogy,* 175 Cal. 481 [166 Pac. 319]; *Tatterson* v. *Kehrlein,* 88 Cal. App. 34 [263 Pac. 285].) In the case at bar there was only a single consideration passing to respondent for the several agreements entered into with appellant. This consideration being the aid he would receive in becoming a member of the appellant's association, and this consideration being unlawful by reason of being in violation of the Corporate Securities Act, the said contract consisting of said agreements between respondent and appellant, is void.

■ Appellant claims that this action is barred by the provisions of sections 339 and 340 of the Code of Civil Procedure; respondent testified that the first knowledge he had of the existence of said permit was on October 30, 1928, and the first time he saw the permit was in January, 1929, and on January 30, 1929, he gave appellant notice of the rescission of the marketing agreement and demanded the return of his note. As this is an action for rescission founded upon the fraud, and concealment of appellant, these sections of the said code do not operate as a bar. (16 Cal. Jur. 566; *Lightner Min. Co.* v. *Lane,* 161 Cal. 689 [Ann. Cas. 1913C, 1093, 120 Pac. 771]; *Boyer* v. *Barrows,* 166 Cal. 757 [138 Pac. 354].) ■ It appears from the evidence that prior to the commencement of this action appellant had indorsed and transferred the said note to an innocent third party, namely, the California Bank. The California Bank not having been made a party to this action its rights to said note cannot be determined in this action.

The judgment is modified by striking out that part thereof that adjudges the said note to be void, and directing its cancellation, and as so modified is affirmed, each party to pay his and its costs of this appeal.

Nourse, P. J., and Spence, J., concurred.