[Civ. No. 8409. Second Appellate District, Division Two.—July 6, 1934.]

GRACE STARK, Respondent, v. PIONEER CASUALTY COMPANY (a Corporation), Appellant.

Gibson, Dunn & Crutcher and Philip C. Sterry for Appellant.

M. C. Spicer and W. O. Graf for Respondent.

CRAIG, J.—In an action for damages by an applicant for insurance, judgment was rendered against the casualty company and its agent, from which the company appealed.

The action was predicated upon negligence of the agent of the defendant company in withholding the application and premium delivered to him for transmission to his principal. That the agent solicited and obtained the same, to insure against injury through accidental means while driving or riding in an automobile, and that they were not forwarded, nor a policy issued, the parties agree. The applicant learned such fact only after demand was made for the insurance following an accident.

The first ground assigned for reversal arises from rulings adversely to the defendants upon demurrer to the amended complaint and objections to the evidence. It is contended that since the agent's authority was limited to soliciting and receiving the application and premium, and such application being merely an offer from which no contract could be implied until accepted, and a policy had been issued and delivered, no liability could arise. We think from the nature of the case that any issue as to a contractual relation was excluded by failure to furnish insurance to one permitted and entitled to rely thereon, without notice of rejection or of failure to perform the duty for which a consideration had been received by the agent. There was undisputed evidence of the applicant's desire for insurance, of agency, the solicitation therefor, representations upon which the applicant was led to rely, and that she was thus precluded from obtaining insurance elsewhere. Authorities are cited wherein applicants for insurance were held not entitled to recover upon contract. (*National Union Fire Ins. Co.* v. *School District,* 122 Ark. 179 [182 S. W. 547, L. R. A. 1916D, 238].) No language tending to inform the applicant that she was not insured when the premium was paid is to be found in the receipt given her. It stated: "Received of Grace Stark an application for a Pioneer Automobile Accident Policy and the sum of Fifteen Dollars in payment of the annual premium. Should the application be declined, I agree to refund the above amount to applicant. Please notify the Pioneer Casualty Company, Home Office, 1310 Detweiler Building, Los Angeles, California, should the policy not be received within twenty (20) days

from date hereof. (Signed) Edward E. W. Shiels, Agent." ██ It is established by cases wherein the rule was applicable as here that: "Insurance companies are held, in law, to a broader legal responsibility than are parties to purely private contracts or transactions. This is based upon the fact that those companies act under franchises from the state, and the policy of the state in granting such franchises proceeds upon the theory that it is in the interest of the public to the end that indemnity upon specific contingencies should be provided those who are eligible and desire it, and for their protection the state regulates, inspects and supervises their business. ██ An insurance company having solicited and obtained applications for insurance and having received payment of the fees or premium exacted, is bound, either to furnish the indemnity the state has authorized them to furnish or decline to do so within such reasonable time as will enable them to act intelligently and advisedly thereon." (*Columbian Nat. L. Ins. Co.* v. *Lemmons,* 96 Okl. 228 [222 Pac. 255]; *Dyer* v. *Missouri L. Ins. Co.,* 132 Wash. 378 [232 Pac. 346]; *Security Ins. Co.* v. *Cameron,* 85 Okl. 171 [205 Pac. 151, 27 A. L. R. 444].) It has been said that an applicant having paid the premium to an agent, and the company having received its share thereof and assumed the duty of returning the same on rejection of the application, the applicant did all required of him, and having received no notice of adverse action on his application, he might assume after several months that it had been accepted. (*Great Southern Life Ins. Co.* v. *Dolen,* (Tex. Civ. App.) 239 S. W. 236.) Since the agent herein received the application and premium, it must be assumed, and is not denied, that respondent relied upon its delivery to the insurer, appellant herein, and the parties stipulated that had said application been presented a policy would have been issued in about five days. Fraud cannot be presumed, and was eliminated by the trial court upon the evidence before it. ██ Mere delay in passing upon an application cannot be construed as an acceptance which will support an action *ex contractu;* but the applicant will not be charged with the same degree of diligence as an insurer organized for profit, and the latter may be held liable for actual damage not exceeding the amount of insurance purchased if it be shown to have delayed notice of rejection, and may not complain of inexcusable delay because of its

agent's dilatory conduct or inefficiency. (*Massachusetts Bonding & Ins. Co.* v. *R. E. Parsons Elec. Co.*, (C. C. A.) 61 Fed. (2d) 264; *Columbian Nat. Ins. Co.* v. *Lemmons, supra; Security Ins. Co.* v. *Cameron,* 85 Okl 171 [205 Pac. 151, 27 A. L. R. 444]; *Dyer* v. *Missouri L. Ins. Co, supra.*) The authority last cited is fortified by many cases from various jurisdictions.

It is contended that *National Union Fire Ins. Co.* v. *School District, supra,* must be held decisive here for the reason that the application contained language equivalent to that embraced in respondent's application to the effect that no insurance contract should exist until delivered. But, as stated, an action *ex contractu* is not of aid in a case wherein contractual relations are admittedly not in issue, and when the facts give rise to an action for damages. *Northwestern Mutual L. Ins. Co.* v. *Neafus,* 145 Ky. 563 [140 S. W. 1026, 36 L. R. A. (N. S.) 1211], relied upon by appellant revealed neither the existence of a contract nor of negligence, though the action was founded upon alleged contract; and, like cases to the same effect, is not in point. *Duffie* v. *Bankers' Life Assn. of Des Moines,* 160 Iowa, 19 [139 N. W. 1087, 46 L. R. A. (N. S.) 25], stated the rule upon analogous conditions, that a life insurance company is chargeable with the negligence of its agent in failing for an unreasonable time to forward an application for acceptance. "The association was bound by the acts of its agent and chargeable with the consequences that resulted from the failure of Rogers to promptly forward the application . . . In other words, if the association was under a duty to promptly act on the application and notify Duffie, as we think it was, it cannot shield itself from the responsibility by the fact that the application and medical report had not been received by it, and therefore it could not act. (See *Northwestern Mut. L. Ins. Co.* v. *Neafus,* 145 Ky. 563 [36 L. R. A. (N. S.) 1211, 140 S. W. 1026].) The possession of these by its agent had the same effect as if they were in the possession of the association at its home office. Assuming, then, that the application and medical report had been promptly forwarded by the agent and that the application was not accepted or rejected within the time intervening prior to his death, it seems manifest that whether this was an unreasonable delay was for the jury to determine, and we so hold." (*Duffie* v.

*Bankers' Life Assn. of Des Moines, supra.*) To the same effect, see *Johnson* v. *Farmers Ins. Co.,* 184 Iowa, 630 [168 N. .W. 264].

■ Appellant views the cause of action as barred after the expiration of one year by section 340 of the Code of Civil Procedure, subdivision 3, and relies upon the reasoning in an action by a man for loss of services of his wife through negligence of another. *Basler* v. *Sacramento etc. Ry. Co.,* 166 Cal. 33 [134 Pac. 993], wherein it was said "that the word 'for' means 'by reason of,' 'because of', and 'on account of,' and that a statute prescribing a limitation on actions for injury to the person . . . caused by negligence should be interpreted to mean actions 'by reason of,' or 'because of,' or 'on account of' injuries to the person caused by negligence", is cited. But this action is not for such loss from the tort of another. It is for a loss incurred through neglect of an insurer and its agent, of insurance on which an applicant was permitted to rely in the event of a third person's tort. In short, negligence of the appellant became the procuring and proximate cause of loss of *security,* whereas, liability upon contract or upon the contingency for which the nonexistent but intended security was agreed, would have been actionable only within one year. The intervening cause falling within the two-year period of limitation may be found in actions for derelictions of banking institutions, relations of attorney and client, and similar transactions. (*Hayes* v. *Ewing,* 70 Cal. 127 [11 Pac. 602] ; *Boyer* v. *Barrows,* 166 Cal. 757 [138 Pac. 354] ; *Smith's Cash Store* v. *First Nat. Bank,* 149 Cal. 32 [84 Pac. 663, 5 L. R. A. (N. S.) 870] ; *Jensen* v. *Sprigg,* 84 Cal. App. 519 [258 Pac. 683].) In *Smith's Cash Store* v. *First Nat. Bank, supra,* a patron of the bank had deposited funds upon which deposit he gave checks to creditors, which checks were not honored by the bank. Following litigation by the creditors, attachment and loss of the depositor's property, it was held that the bank, intervening cause thereof, was liable in damages to its depositor upon an obligation not founded upon an instrument in writing, within the meaning of section 339 of the Code of Civil Procedure until the expiration of two years. The respondent Stark did not seek redress for her accident from the direct tort-feasor, but damages from the intervening party but for whose negligence she would have been indemnified.

██ It is contended that the evidence was not sufficient to support a finding made by the trial court to the effect that the injury was occasioned wholly by accident and independent of all other causes. It appeared that respondent and one Llewellyn had informed an officer of differences between the respondent and one Kennard; thereafter and on the date of the casualty said officer, while driving toward the intersection of two streets, saw Kennard standing on the northwesterly corner thereof; when the officer had left his car and approached within about four feet of Kennard the latter shot him. The respondent and her companion had theretofore driven to a point on the easterly side and about one hundred feet southerly from said corner. Llewellyn got out of their car and preceded the officer to the corner, and when the latter was shot Llewellyn returned, to find respondent's car against the curbing. One witness testified that after shooting the officer Kennard ran toward the respondent and shot her. Such was the evidence upon which the appellant based its contention. But it was a question of fact for the trial court to determine as to whether or not the plaintiff was intentionally injured by Kennard. There was other evidence that he was shooting "nearly due east", and the plaintiff testified that while riding in her car a bullet struck her and that she had been blind since the occurrence, but that she did not see Kennard approach. From the appearance of the witnesses upon the stand, their demeanor and manner of testifying, and from all the circumstances before the court, it concluded that the plaintiff's injury was not intentionally inflicted by Kennard but was accidental. When there is any substantial evidence tending to support a finding it is for the trial court to determine whether the same is sufficient. (*Dreyer* v. *Cole*, 210 Cal. 339 [292 Pac. 123]; *Reilly* v. *Filben*, 107 Cal. App. 722 [291 Pac. 454]; *Quatacker* v. *Hutton*, 108 Cal. App. 606 [292 Pac. 140].)

The judgment is affirmed.

Desmond, J., and Archbald, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 30, 1934.

Shenk, J., voted for a hearing.