**Harold R. JONAS, Plaintiff,**

v.

**BANK OF KODIAK, an Alaska Banking Corporation, and Fidelity-Phenix, a Foreign Insurance Corporation, Defendants.**

**No. K–12876.**

District Court, Alaska,
Third Division, Anchorage.
June 27, 1958.

John S. Mansuy, Jr., Kodiak, Alaska, for plaintiff.

John C. Hughes, of Davis, Hughes & Thorsness, Anchorage, Alaska, for defendant Bank of Kodiak.

John C. Dunn, Anchorage, Alaska, for defendant Fidelity-Phenix Fire Ins. Co.

McCARREY, District Judge.

Plaintiff Harold R. Jonas brought this action against the Bank of Kodiak and Fidelity-Phenix Fire Insurance Company, a corporation, to recover insurance on the Gas Screw Nedra, which had been destroyed by fire.

Plaintiff acquired the boat under contract of conditional sale, dated June 22, 1954, from Thomas Wick. Prior to the sale, Thomas Wick, as owner of the boat, obtained insurance covering loss by fire in the sum of $8,000 from the Fidelity-Phenix Fire Insurance Company. The contract of conditional sale provided, among other conditions, the following:

"3. The Vendees agree to keep the property herein insured with a reputable insurance company agree-able to the Vendor, and giving property damage and general liability coverage, and in an amount agreeable to the Vendor and naming the Vendor as the insured, and in which policy the Vendees may insure their equity by reason of this Contract of Conditional Sale."

The insurance was obtained through the insurance department of the Bank of Kodiak. After sale of the boat by Wick to Jonas, no attempt was made by either Wick or Jonas, or by the bank of Kodiak, to transfer the insurance policy or to obtain a rider covering Jonas's interest in the boat under the contract of conditional sale.

After plaintiff purchased the boat, however, he paid to the Bank of Kodiak the premiums due on the insurance, receiving from the bank receipts in his own name; and over the course of three (3) years, plaintiff paid insurance premiums for the Nedra to the Bank of Kodiak, as evidenced by receipts admitted in evidence, on a policy for $8,000 of insurance. The receipts from the bank variously recite: "Nedra coverage," "Boat Nedra Insurance" and "Fid. Phenix 'Nedra'", etc.

The Gas Screw Nedra was destroyed by fire on September 13, 1956. When plaintiff attempted to recover from the insurance company for the face amount of the policy, he was informed that there was no coverage for his interest in the boat. The insurance company paid to Wick the sum of $3,161.80, the balance due to him under the contract of conditional sale, obtaining from Wick a complete release. The Bank of Kodiak agreed and offered to refund to the plaintiff Jonas the unearned premium on the insurance policy for the year in which the loss occurred, which the plaintiff refused to accept. Inasmuch as the Bank of Kodiak and Fidelity-Phenix denied any liability whatsoever to plaintiff, this action was filed.

Fidelity-Phenix contends that inasmuch as there was no contract with the plaintiff, there is no liability on its part under the policy and that its policy pro-

tected only the insurable interest of the conditional vendor, Thomas Wick.

There is no dispute that for a period of three (3) years plaintiff paid to the Bank of Kodiak the premiums on the policy and the bank, in turn, forwarded the premiums to the insurance company. Plaintiff either obtained insurance by the payment of his premiums for insurance in the amount of $8,000, or he did not obtain insurance. If he did not obtain any insurance, he is entitled to recover from the Bank of Kodiak the full amount of premiums which it collected from him. On the other hand, if plaintiff did obtain insurance, or if the Bank of Kodiak was negligent in any way, then plaintiff should not only recover from the bank the amount of premiums paid, but the entire amount of his loss occasioned by the fire.

Even though the bank may contend that it did not know of the sale of the boat by Wick to Jonas, there is no question that it did know it was selling insurance in the amount of $8,000 and giving receipts in the name of Harold Jonas for premiums collected from him for that amount of insurance.

If the bank was negligent in any way, it can be held responsible to plaintiff for failing to obtain the amount of coverage for which it was collecting premiums from plaintiff.

In the case of Hampton Roads Carriers, Inc., v. Boston Insurance Co., D.C., 150 F.Supp. 338, at page 343, the Court says:

> "An insurance agent who undertakes to secure a specified coverage is liable in damages to the applicant for failure to procure such insurance, and this liability extends to negligence as a result of which the specified risk is not included in the policy * * *"

In the case at bar, the bank knew of the policy. It knew it was obtaining premiums on insurance in the amount of $8,000 on the Gas Screw Nedra, and it gave its receipts to plaintiff in plaintiff's name covering this vessel. There was, therefore, a duty upon the bank, either as broker or agent, to see that the plaintiff was named as the party insured.

Stark v. Pioneer Casualty Co., 139 Cal. App. 577, 34 P.2d 731, was an action predicated upon negligence. The plaintiff paid the premiums to defendant and obtained receipts for the premiums paid. The Court found in this case that there was no language tending to inform the applicant that she was not insured when the premiums were paid, in the receipts given to her.

In the case before this court, the receipts of the bank show the money was received and the premiums paid for "Nedra coverage," "Boat Nedra Insurance" and "Fid. Phenix 'Nedra'," supra. There is no language whatsoever in these premium receipts to indicate to plaintiff that he was not insured for the full value of the vessel, to-wit, $8,000. As the bank received the premiums in payment of an insurance policy, then there was a duty upon the bank to notify the plaintiff that the premiums would not give him the coverage for which he was paying, so that he could protect himself in some other manner.

In Valdez v. Taylor Automobile Company, 129 Cal.App.2d 810, 278 P.2d 91, the complaint was predicated upon the negligence of the defendant in failing to procure full coverage. At page 95 of 278 P.2d the Court says:

> " * * *, it is argued that since the jury impliedly found there was no contract to obtain public liability and property damage insurance for plaintiff, defendant had no duty to procure that insurance; and in the absence of a contractual duty, plaintiff cannot recover for defendant's negligent failure to do so. The argument is fallacious. *It is well established that a person may become liable in tort for negligently failing to perform a voluntarily assumed undertaking even in the absence of a contract so to do. A person may not be required to perform a service for*

*another but he may undertake to do so—called a voluntary undertaking. In such a case the person undertaking to perform the service is under a duty to exercise due care in performing the voluntarily assumed duty, and a failure to exercise due care is negligence* * * * (Emphasis supplied.) If the defendant receives the plaintiff's property or papers, and undertakes, without consideration, to obtain insurance, * * * he assumes a duty to use proper care in the performance of the task. * * * In many cases the court has laid stress upon the fact that the plaintiff has relied upon the conduct of the defendant to his damage, and has indicated that this is essential to liability * * * the company was bound either to furnish the insurance or to decline to do so within a reasonable time, and that having failed to perform its duty it was liable for the actual damage not exceeding the amount of insurance purchased."

In the case at bar, even though the bank may have been a volunteer in procuring Jonas's insurance payments, nevertheless, there was a liability placed upon it either to furnish the insurance paid for, or to notify plaintiff that he did not have insurance. Failure to so notify the plaintiff I believe to be negligence on the part of the bank. As a consequence the defendant bank is liable to the plaintiff for the entire amount of the loss. The policy in this case was in the face amount of $8,000. At the time of the fire Wick's insurable interest was satisfied by the insurance company in the amount of $3,161.80; therefore, judgment for plaintiff should be in the amount of $4,838.20.

There is no evidence before the court to indicate that the bank was the agent of the insurance company. If the bank could have established such agency, then the loss would have fallen upon the insurance company. Inasmuch as the bank failed to establish this agency, judgment will be rendered against the bank solely.