[Civ. No. 5492. First Appellate District, Division One.—July 21, 1927.]

LAWRENCE JENSEN, Appellant, v. RODNEY SEARLE SPRIGG, Administrator, etc., Respondent.

Jcsse George and Clarence S. Preston for Appellant.

Wright & McKee, Fred O'Farrell and Eugene Daney for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment on an instructed verdict in favor of respondent in an

action brought by appellant against respondent, an attorney at law, for alleged negligence in handling a claim placed in his hands for collection. Respondent in his answer denies the alleged negligence and as a separate defense sets up the statute of limitations.

It is charged, in the action and urged by appellant in his brief on appeal the following acts as constituting the negligence complained of: (1) Delay in filing suit on the claim and pressing it to trial and final judgment; (2) failure to record and preserve the lien of plaintiff against the yacht in the custom-house; (3) negligence in failing to require a bond sufficient in its provisions to protect plaintiff in a certain injunction proceeding to restrain the removal of the yacht from San Diego harbor and from the jurisdiction of the superior court of San Diego County; negligence in failing to take possession of said yacht when it was afterward tendered to him in compliance with the conditions of said bond; negligence in thereafter attaching said vessel and failing to hold it under such attachment, thus waiving the conditions of said bond if they were still valid and had not been complied with by the tender of the vessel, and negligence in thereafter bringing suit upon said bond to collect the amount of plaintiff's claim and judgment, abandoning every other remedy; (4) negligence in failing to have execution issued upon the final judgment obtained on said claim, and allowing it to become dormant and unenforceable; and it is further alleged in the complaint and urged by appellant in his brief that the defendant by means of fraudulent concealment and misrepresentation prevented plaintiff from discovering his negligence and the resulting damage until July 30, 1920.

Appellant contends that he was only required to make *prima facie* proof of the facts constituting negligence, want of skill, and fraudulent concealment to entitle him to have his case submitted to the jury and was not required to make out a case by such a preponderance of the evidence as would compel the court to refuse to set aside the verdict and grant a new trial upon motion of the defendant, if the verdict had been in his favor.

"The rule as to directed verdicts is not that a verdict may be directed whenever the evidence is such that upon motion the court would grant a new trial. The court may grant a new trial even where there is substantial evidence

to sustain the verdict, if it believes that the evidence preponderates against the verdict. It is under compulsion to order a new trial and may do so on its own motion when the evidence is wholly insufficient to sustain the verdict. This is the meaning of the language of *Estate of Baldwin,* 162 Cal. 471 [123 Pac. 267], where it is said that a directed verdict is proper 'whenever upon the whole evidence the judge would be compelled to set a contrary verdict aside as unsupported by the evidence' (*Estate of Caspar,* 172 Cal. 150 [155 Pac. 631]). ■ The existence or nonexistence of negligence is ordinarily a question of fact to be determined by the jury, and while the court may withdraw the case from the jury and direct a verdict, it can do so only where the evidence is undisputed, or is of such conclusive character that the court in the exercise of sound judicial discretion would be compelled to set aside a contrary verdict (*Davis* v. *California St. C. R. R. Co.,* 105 Cal. 131 [38 Pac. 647]; *Estate of Baldwin,* 162 Cal. 471 [123 Pac. 267]; *Diamond* v. *Weyerhaeuser,* 178 Cal. 541 [174 Pac. 38])." (*Duggan* v. *Forderer,* 79 Cal. App. 339 [249 Pac. 533].)

■ Paralleling the facts in the instant case with the law quoted we incline to the view that the trial court in the exercise of sound judicial discretion was justified in directing the verdict for the defendant. It is, however, unnecessary to review the evidence on this question, for in our opinion the action was barred by the statute of limitations, and, if so, the right of the court to direct the verdict cannot be questioned.

■ Under section 339 of the Code of Civil Procedure a cause of action against an attorney for neglect of duty in the management of an action is barred at the expiration of two years after the neglect occurred (*Hays* v. *Ewing,* 70 Cal. 127 [11 Pac. 602]; *Boyer* v. *Barrows,* 166 Cal. 757 [138 Pac. 354]).

■ Appellant concedes—in fact he alleges in his complaint that the acts or remissions complained of which form the basis for his action would have been barred by the statute, but for the fact that respondent by means of fraudulent concealment and misrepresentation prevented him from discovering the alleged negligence until July 30, 1920, a short time prior to his filing the action.

In support of his contention in this respect appellant has directed our attention to various appeals taken from the

superior court of San Diego County from judgments in cases in which appellant was represented by respondent as his attorney and to the facts and findings in such cases, which by stipulation are made a part of the record. These cases show the litigation carried on and the actions prosecuted for appellant by respondent in the attempt to collect a claim due appellant from one Fred Dorr for building the yacht "Yankee Girl." Our attention is particularly directed to *Jensen* v. *Dorr*, 159 Cal. 742, 748 [116 Pac. 553, 556], from which appellant quotes the following language: "While plaintiff may have been entitled to enforce the liens on the vessel regardless of the bankruptcy proceedings he was not entitled to a personal judgment against the defendant in the face of such a decree, and . . . it cannot be doubted that it is an abuse of discretion for a trial court to refuse leave to a defendant to set up by supplemental answer a bankruptcy discharge obtained subsequent to the commencement of the action as a bar to any personal judgment, where proper application is made therefor within a reasonable time after obtaining such discharge."

As proof of the concealment of all knowledge of this decision and of the loss of appellant's remedy by personal judgment against Dorr and other acts complained of, appellant relies on and directs our attention only to a letter written by respondent to appellant under date July 13, 1911, and the following testimony of appellant Jensen: "Q. Now, Mr. Jensen, did Mr. Sprigg ever show you a copy of this judgment—do you remember whether he ever showed you a copy of this judgment, or did he just state to you what the judgment was—the judgment of Judge Sloane? A. I never saw a copy. Q. You never saw a copy of it? A. No. Q. Did you or did you not as a matter of fact know that that judgment didn't run personally against Fred Dorr? A. I did not. Q. You did not know it. Did he ever tell you you didn't have personal judgment against Fred Dorr? A. No."

Respondent's letter of July 13, 1911, referred to and addressed to appellant Lawrence Jensen, is as follows: "I am in receipt of your favor of July 5th, and note its contents. You ask me what I propose to do with regard to 'Yankee Girl.' I thought I made myself plain when you were here in regard to this. The Supreme Court held that my complaint was perfectly good, but that the Superior Court erred

in ruling that the supplemental answer attempted to be filed by counsel for Dorr should have been filed. The Supreme Court also held that we should have proved that the various claims were assigned to you. Otherwise our judgment would have been perfectly good. I propose to proceed to trial on the same complaint and make this proof as required by the Supreme Court. I have no doubt but that judgment obtained with this proof will be sufficient and the lien we claim against 'Yankee Girl' is perfectly valid. On last Saturday Mr. Carroll Allen came to San Diego, as he told me, with a view of settling the case. We had a conference on Sunday at which time I stated to him if he would pay me $4,000, we would settle the case. This offer I made conditional upon your accepting the same. He stated to me that he believed the case should be settled and that he would return to Los Angeles, consult with Mr. Lynn Helm, the referee in bankruptcy, and that he believed a settlement could be had. . . . ''

Appellant claims that this letter was both negative concealment and positive misrepresentation—that it shows on its face that it was in answer to an inquiry by letter from appellant as to the facts regarding the loss of his appeal; that the most important thing in the decision of the supreme court affecting appellant's interests was that appellant by virtue of the order in bankruptcy had lost his right to a personal judgment against Dorr.

The fact that respondent did not tell appellant in his letter of July 13, 1911, that the supreme court held that by virtue of the order in bankruptcy the judgment did not run personally against Dorr was not an act of fraudulent misrepresentation or concealment, because, as testified to by appellant himself, respondent informed him in 1908 that Dorr was adjudged a bankrupt. ''Q. Mr. Jensen, you knew that Mr. Fred Dorr was declared a bankrupt some time in 1908, didn't you? A. Yes. Q. That information was not kept from you? A. No, Mr. Dorr told me himself he was going broke. Q. Mr. Sprigg told you, too, didn't he? A. Yes.'' Respondent could not well be held responsible for concealing a fact from his client, which his client for nearly three years had known and concerning which he himself had informed him.

In October, 1909, respondent made a motion in the superior court in the action of *Jensen* v. *Dorr* for a judgment on the pleadings. About the same time Dorr asked permission to file a supplemental answer setting up the fact that he had been adjudged a bankrupt, which was denied, and respondent's motion for judgment on the pleadings was granted. This judgment was reversed on May 12, 1911.

Respondent's statement in his letter that the supreme court held "that the superior court erred in ruling that the supplemental answer attempted to be filed by the counsel for Dorr should have been filed" was evidently inadvertently made in dictating the letter, as he follows with a statement that "I have no doubt but that judgment obtained with this proof will be sufficient and the lien we claim against 'Yankee Girl' is perfectly valid," and, further, that he was conferring through Mr. Carroll Allen with Mr. Lynn Helm, the referee in bankruptcy, attempting to effect a settlement. If he were relying on a personal judgment against Dorr and the loss of such personal judgment was vital, why should he be concerned about the lien on "Yankee Girl"? And unless Dorr was bankrupt, why should he be trying to effect a settlement with the referee of his bankrupt estate? In any event, appellant could not be misled by the statement complained of, for he knew Dorr was a bankrupt; that he was declared to be such in 1908. He was informed of such fact by both Dorr and respondent. ▪ In order to suspend the statute until the discovery of the facts constituting the fraudulent concealment or misrepresentation, the facts must be unknown to the aggrieved party (*Whitney* v. *Dabney*, 171 Cal. 621 [154 Pac. 312]; *Beal* v. *Smith*, 46 Cal. App. 271 [189 Pac. 341]).

▪ Appellant urges that "plaintiff's cause of action for the loss of this remedy by personal judgment against Dorr, resulting from the neglect of defendant, accrued when the delay resulted in damages or injury to plaintiff," and cites *Lally* v. *Kuster*, 177 Cal. 783 [171 Pac. 961], in support of his contention. We agree with appellant in his contention, but it is apparent that the loss of his remedy by personal judgment against Dorr and the damage or injury resulting from such loss accrued when Dorr was adjudged a bankrupt, and that as appellant had knowledge of such adjudication in 1908, the statute had run before he began his action.

■ Unquestionably where confidential relationship, such as the relationship between attorney and client, exists, failure to discover the facts constituting fraud or misrepresentation may be excused, but we know of no authority holding that failure on the part of an attorney to notify his client of a fact already within his client's knowledge is fraudulent concealment.

In our opinion the action was barred by the statute of limitations, and being barred no error was committed in directing a verdict for defendant.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 19, 1927.