[Civ. No. 8867.   Second Appellate District, Division Two.—December 31, 1934.]

WALTER S. WHEATON et al., Appellants, v. EDWARD J. NOLAN et al., Respondents.

Hickcox, Thomson & O'Connor, August J. O'Connor and Bryan Woodson for Appellants.

Freston & Files, James H. Howard and Ralph E. Lewis for Respondents.

WILLIS, J., *pro tem.*—This is an appeal from a judgment after order in general terms sustaining general and special demurrers to a second amended complaint, without leave to amend. The record herein discloses no application by plaintiffs for leave to further amend. The main cause of action attempted to be stated consists in the alleged breach of duty of respondents, under contract as attorneys of appellants, to diligently and promptly commence suit and attachment proceedings against the obligor on certain promissory notes, it being alleged that the negligent failure of respondents so to do resulted in loss of the contemplated attachment security. A large portion of the complaint is devoted to allegations patently made for the purpose of tolling of the statute of limitations applying to this cause of action but which in turn contain partial statements of other causes of action, not separately stated. The contract of employment was alleged to have been made on June 13, 1925, and suit was not commenced and attachment process not levied until August 4, 1925, at which time it is alleged that other creditors had, in this interim, secured liens upon the property sought to be attached sufficient to cover all the "equities" of the defendant debtor therein, thus depriving appellants of such assets as security, to their damage in a specified sum. The instant action was not commenced until December 11, 1929, and the demurrer pleaded the

two-year statute of limitations contained in subdivision 1 of section 339 of the Code of Civil Procedure.

There was no error in sustaining the demurrer. Without attempting to restate the allegations, we are satisfied that several causes of action appear therein, not separately stated, and that the allegations made to overcome the running of the statute of limitations were insufficient under the decisions of this state to accomplish that purpose. Means and sources of knowledge of the alleged breach and injury were at all times available to plaintiffs and ordinary diligence on their part in consulting such means and sources would have furnished them with all the information sufficient to discover the breach and commence suit within the two-year period. Means of knowledge, especially where it consists of public records as is manifest in this case from the complaint itself, is deemed in law to be knowledge. (*Lady Washington Consol. Co.* v. *Wood,* 113 Cal. 482 [45 Pac. 809] ; *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698 [16 Pac. (2d) 268].)

In the absence of request or application by plaintiffs for leave to amend further, the order sustaining the demurrer without leave does not constitute reversible error. (*Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550].) The demurrers herein were sustained on February 18, 1930, and judgment entered on November 1, 1932. Between these two dates appellants had ample time to apply for leave to file an amended complaint. This they did not do, and therefore they cannot now complain of an abuse of discretion by the court in not granting leave to amend.

The judgment is affirmed.

Stephens, P. J., and Crail, J., concurred.