[Civ. No. 9276. Second Appellate District, Division Two.—February 16, 1935.]

G. C. DeGARMO, Respondent, v. LUTHER T. MAYO, INC. (a Corporation), et al., Appellants.

Benjamin S. Crow for Appellants.

G. C. DeGarmo, *in pro. per.*, Newby & Newby and W. M. Crane for Respondent.

SCOTT, J., *pro tem.*—Plaintiff recovered judgment for attorney's fees for services to defendants, from which the latter appeal.

A counterclaim was interposed by defendants setting out that through negligence of plaintiff they had been damaged in the sum of $5,000. Defendants had sued an investment corporation, and assert that the judgment recovered by

them was less by that amount than the sum to which they were entitled. The trial court held that the cause of action on the counterclaim was barred by the limitation imposed by section 339 of the Code of Civil Procedure, and excluded it from consideration by the jury. Judgment in said suit by defendants against the investment corporation was entered March 7, 1930. Suit in the instant case was filed March 21, 1932. Contrary to the suggestion of appellants that this was error, it appears that the ruling of the trial court was correct. The negligence if any occurred prior to entry of the judgment; the acts subsequent theerto relate to damages rather than liability.

The Supreme Court of the United States considered this question over a century ago in *Wilcox* v. *Executors of Plummer*, 4 Pet. 172 [7 L. Ed. 821], and said: "The ground of action here is a contract to act diligently and skillfully and both the contract and the breach of it admit of a definite assignment of date. When might this action have been instituted? is the question, for from that time the statute (of limitations) must run. When the attorney was chargeable with negligence or unskillfulness his contract was violated, and the action might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved and no more recovered; but on the other hand it is perfectly clear that the proof of actual damage may extend to facts that occur and grow out of the injury, even up to the date of the verdict. If so, it is clear that the damage is not the cause of action."

 "Under section 339 of the Code of Civil Procedure a cause of action against an attorney for neglect of duty in the management of an action is barred at the expiration of two years after the neglect occurred. (*Hays* v. *Ewing*, 70 Cal. 127 [11 Pac. 602].)" (*Jensen* v. *Sprigg*, 84 Cal. App. 519, 522 [258 Pac. 683]. See, also, *Lattin* v. *Gillette*, 95 Cal. 317 [30 Pac. 545, 29 Am. St. Rep. 115], and *Medley* v. *Hill*, 104 Cal. App. 309 [285 Pac. 891].) The conduct of plaintiff in connection with subsequent proceedings relating to motion for new trial and appeal does not affect the limitation imposed by the section cited. (*Jones* v. *Gregory*, 125 Wash. 46 [215 Pac. 63].)

 In support of their motion for new trial defendants offered affidavits of certain jurors as to alleged misconduct of the bailiff in making comments to them about the case

after they retired to deliberate. Counter-affidavits of two of the same jurors and three other jurors were presented by plaintiff. All of such affidavits were properly rejected by the trial court. "Upon well grounded considerations of public policy jurors are legally disabled to impeach their verdict by any means, whether it be by affidavit or by testimony or by extra-judicial statements", except in the case of so-called "chance verdicts". (*People* v. *Reid*, 195 Cal. 249, at p. 261 [232 Pac. 457]; Code Civ. Proc., sec. 657; *People* v. *Odza*, 134 Cal. App. 290 [25 Pac. (2d) 264]; *Walter* v. *Ayvazian*, 134 Cal. App. 360 [25 Pac. (2d) 526].)

■ Appellants claim that the bailiff's acts amounted to "irregularities in the proceedings" rather than misconduct of the jury. The officer was accused of attempting to hurry the jury into reaching a verdict and making comments designed to elicit sympathy, not for plaintiff but for defendants, who are appellants here. Even if the mild remarks charged to the officer were made by him, it would appear that any consequent error would have to be attributed not to such irregularity but to the misconduct of stupid and supine jurors, who would violate their oaths and without being coerced or threatened would precipitately reach a wrong verdict by unanimous agreement following such suggestions. The affidavits confessing such misconduct would naturally be excluded under the rule above quoted.

Judgment affirmed.

Stephens, P. J., and Crail, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 15, 1935, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.