[Civ. No. 20675.   First Dist., Div. One.   May 8, 1963.]

ROBERT T. GRIFFITH, Plaintiff and Appellant, v. PETER B. ZAVLARIS, Defendant and Respondent.

Hollander, Lipian & Horwitz and Jack H. Lipian for Plaintiff and Appellant.

Hadsell, Murman & Bishop and G. William Filley for Defendant and Respondent.

BRAY, P. J.—Plaintiff appeals from judgment of dismissal.

### QUESTION PRESENTED

In an action for alleged legal malpractice, when does the statute of limitations commence to run?

RECORD

December 30, 1960, plaintiff filed a complaint against defendant attorney for malpractice. The complaint alleged that on or about February 8, 1956, plaintiff employed defendant to advise him with regard to "the purchase of a one-third share interest" in a certain corporation; that pursuant to such employment defendant advised that the promissory note, copy of which is set forth in the complaint, could "be executed by the plaintiff for the establishment of his one-third interest" in the said corporation. The note is dated March 29, 1956, is for $7,000, payable to plaintiff one year after date and executed by Robert Rohrig. The note gives an alternative to payment of money "or to be payable by the transfer of seventy (70) shares of stock of the Quality Beverage Company of Santa Clara, Inc., when said stock issued to Robert Rohrig."

The complaint further states that defendant "could, by exercise of due diligence and skill, have advised the plaintiff the California Corporate Securities Act, Corporation Code 25000 et seq. does not permit any Company to obtain money for the issuance of securities prior to the obtaining of a permit to issue from the Division of Corporations and that any and all violations of the said Corporation Act are made criminal offenses by the said Corporate Securities Act, Corporation Code 26102, 26103"; that defendant negligently and carelessly advised plaintiff that the note could properly be executed, that the corporation could receive funds pursuant to his prepayment of $7,000 to the said corporation and that the execution of the note and the payment by plaintiff of $7,000 to the corporation was not in violation of the act and that plaintiff could receive stock pursuant to his prepayment of $7,000 to the Quality Beverage Corporation of Santa Clara, Inc.; that on May 6, 1958, plaintiff brought suit on the promissory note for $7,000 in the Santa Clara County Superior Court; that on December 31, 1959, that court ordered that neither plaintiff nor the defendant Robert Rohrig have judgment against the other because said promissory note was against the policy of law; that both parties were at fault and were *in pari delicto* with one another. That court ordered "No recovery." Plaintiff then alleged that thereby he lost the means of recovering said $7,000 and was required to pay court costs and attorneys' fees. Plaintiff seeks judgment for the $7,000 and all attorneys' fees and costs in that action.

Defendant demurred generally and on the ground that the

action was barred by section 339, subdivision 1, Code of Civil Procedure. The court sustained the demurrer granting plaintiff 15 days to amend.[1] Plaintiff failing to amend, defendant moved for a dismissal. The court granted the motion and judgment of dismissal was entered thereon.

### COMMENCEMENT OF STATUTE OF LIMITATIONS

The applicable statute is section 339, subdivision 1, Code of Civil Procedure, which reads, in pertinent part, that the time for commencing action is "Within two years: (1) An action upon a contract, obligation or liability not founded upon an instrument of writing. . . ." But the question is: within two years of what? Heretofore, the only cases determining the time of commencement of the two years have held that in actions for legal malpractice the statute commences to run from the date the negligent act occurs. Among these are *Hays* v. *Ewing* (1886) 70 Cal. 127 [11 P. 602], failure of the attorney to plead absence of the defendants from the state to toll the statute of limitations set up as a defense to an action on a promissory note; *Jensen* v. *Sprigg* (1927) 84 Cal.App. 519 [258 P. 683], neglect of duty of the attorney in the management of a law suit; *De Garmo* v. *Luther T. Mayo, Inc.* (1935) 4 Cal.App.2d 604 [41 P.2d 366], negligence of attorney in obtaining a judgment in less amount than that to which the plaintiff claimed to be entitled. There the court said, "The negligence if any occurred prior to entry of the judgment. . . ." (P. 606.)

In *Wheaton* v. *Nolan* (1934) 3 Cal.App.2d 401 [39 P.2d 457], an action for failure of attorneys "to diligently and promptly commence suit and attachment proceedings," the court did not state when the statute started to run, but based its decision upon its finding that "the allegations made to overcome the running of the statute of limitations were insufficient under the decisions of this state to accomplish that purpose. Means and sources of knowledge of the alleged breach and injury were at all times available to plaintiffs and ordi-

---

[1]The allegations of the complaint are uncertain in that it is alleged that defendant advised that the promissory note could be executed by *plaintiff* when apparently it was to be and was executed by Rohrig. Further, it is alleged, in effect, that the $7,000 which by the note was to be repaid by Rohrig was paid to the corporation and the shares which the note states were to be delivered by Rohrig to plaintiff were to be issued to plaintiff by the corporation. However, as the parties mainly present the question as to whether, if a cause of action existed, it is barred by the statutes of limitation, and we determine herein that it is so barred, we deem it unnecessary to determine upon what other grounds the demurrer was sustained.

nary diligence on their part in consulting such means and sources would have furnished them with all the information sufficient to discover the breach and commence suit within the two-year period'' (P. 403.) The action against the attorneys was filed more than four years after the plaintiffs claimed to have been damaged by the negligence of the attorneys. There is nothing in this case which gives comfort to plaintiff's contention that the true rule is that the statute does not start to run from the date of the negligent act but from the date of discovery thereof.

In *Lally* v. *Kuster* (1918) 177 Cal. 783 [171 P. 961], an action against an attorney for negligence in allowing an action for the foreclosure of a note and mortgage to be dismissed for delay in prosecuting it, the attorney contended that the plaintiffs' right of action against him accrued at the time he first disobeyed the orders of his client to proceed diligently. This was approximately three years before the action was dismissed. The plaintiff claimed that the right of action against the attorney did not accrue until the dismissal of the other action. The court said that the question is not ''free from difficulty, and yet *where the disobedience complained of consists in delay only, the cause of action cannot be said to arise until such delay has resulted in some injury, as it did when the court dismissed the case because of the delay.*'' (P. 791; italics added.)

At first blush, *Lally* would appear to be opposed to the rule of the other cases, namely, that the statute runs from the time of the negligent act. On the contrary, it supports the rule. There the negligent act out of which a cause of action arose, was allowing the action to be dismissed for lack of prosecution. The attorney's delay in prosecuting the action did not become a negligent act for which redress might be sought, until the time when the action became dismissible because of that delay.

*Jensen* v. *Sprigg, supra,* 84 Cal.App. 519, states that the appellant urged that the cause of action against the attorney did not accrue until the delay resulted in damages or injury to the plaintiff, citing *Lally, supra.* The court then stated that it agreed with the plaintiff's contention and pointed out that the plaintiff's loss of remedy in the action being prosecuted by the attorney did not occur until the action was delayed to the point where the defendant therein was adjudged a bankrupt. It was at that point that the attorney's act of

negligence occurred, and the statute of limitations in any action against the attorney started to run.

In the case at bench, the act of negligence alleged occurred when the attorney misadvised plaintiff, even though plaintiff did not discover the negligence nor the fact that he had been damaged thereby until later.

Plaintiff cites no authorities supporting his contention that the statute does not commence to run in a legal malpractice case until the discovery of the loss. He states in his brief: ''Appellant is well aware that the cases of *De Garmo* v. *Luther T. Mayo, Inc.* (1935) 4 Cal.App.2d 604 [41 P.2d 366], and *Hays* v. *Ewing* (1886) 70 Cal. 127 [11 P. 602], appear to establish the principle that the statute begins to run at the time of the occurrence of the negligence, and not at the time of the discovery of the negligence.'' However, he contends that the proviso in section 339, subdivision 1, applies. That proviso, however, does not apply because by its very terms it is limited to actions founded upon contracts of title insurance and allied contracts or obligations, for the proviso states, ''provided, that the cause of action upon a contract, obligation or liability evidenced by a certificate, or abstract or guaranty of title of real property or policy of title insurance shall not be deemed to have accrued until the discovery of the loss or damage suffered by the aggrieved party thereunder.'' Obviously liability for legal malpractice is not included in this proviso. Moreover, the fact that the proviso is limited to certain contracts and obligations indicates that the Legislature intended not to place such a limitation upon contracts, obligations or liabilities not founded upon instruments in writing.

Plaintiff urges that the rule of medical malpractice cases be applied to legal malpractice cases, citing *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302 [57 P.2d 908], holding in spite of earlier cases which held that the statute of limitations ran from the date of the physician's act, that the statute does not begin to run until the discovery by the patient of the negligence of the physician. However, medical malpractice is governed by section 340, subdivision 3, Code of Civil Procedure (one year) while legal malpractice is governed by section 339, subdivision 1 (two years). The Legislature has in no way made these two malpractice actions analogous. Although the application of the rules of legal malpractice actions may seem harsh, nevertheless it would appear that if the time-honored rule as to the commencement of the limitation provided in section

339, subdivision 1, is to be changed, it should be changed by the Legislature with appropriate conditions, so that the liability of an attorney would not exist indefinitely.

Judgment affirmed.

Sullivan, J., and Molinari, J., concurred.