[Civ. No. 20697.  First Dist., Div. Two.  Nov. 19, 1963.]

MARIA G. BUSTAMANTE, Plaintiff and Appellant, v. DONALD M. HAET, Defendant and Respondent.

A. C. Velasquez for Plaintiff and Appellant.

Garcia, Wong, Haet & Dominguez, Bishop, Murray & Barry and Herbert Chamberlin for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from a judgment entered upon the sustaining of defendant's demurrer to her third amended complaint without leave to amend. The action is one for damages for alleged malpractice by defendant as an attorney at law. It was commenced on June 23, 1961. The determinative issue is whether the action is barred by the statute of limitations.

The third amended complaint alleges in part as follows: that appellant and one Sergio Hernandez were betrothed; that Hernandez was being deported from the United States by the immigration authorities; that on August 5, 1954, appellant employed respondent to arrange for a valid marriage between her and Hernandez; that on September 25, 1954, respondent advised appellant to and she did participate in a marriage ceremony with a representative of Hernandez (under a power of attorney prepared by respondent) in a Catholic church in San Francisco; that respondent was negligent and careless in advising this proxy marriage in that such a marriage does not comply with the provisions of section 71 of the Civil Code;[1] that on June 5, 1961, the Superior Court in San Francisco (action No. 471826) declared said marriage to be invalid on the ground that said section 71 had not been complied with. (There was no appeal from this judgment.)

The period for commencing an action for damages against an attorney for malpractice is two years. (Code Civ. Proc., § 339, subd. 1; *DeGarmo* v. *Luther T. Mayo, Inc.*, 4 Cal.App.2d 604, 606 [41 P.2d 366]; *Hays* v. *Ewing*, 70 Cal. 127 [11 P. 602].)

Appellant seeks to toll the running of the statute by the following allegation: "That the plaintiff did not know that her marriage as arranged and performed through the advice, counsel and direction of the said defendant Donald M. Haet was invalid and void until the decision of the Superior Court of the State of California on the 5th day of June, 1961."

However, in actions for legal malpractice, the statute of limitations runs from the time of the negligent act and not

---

[1]This section provides as follows: "No particular form for the ceremony of marriage is required, but the parties must declare, in the presence of the person solemnizing the marriage, that they take each other as husband and wife."

from the time of the discovery of the injury. (*Griffith* v. *Zavlaris* (1963) 215 Cal.App.2d 826 [30 Cal.Rptr. 517]; *De-Garmo* v. *Luther T. Mayo, Inc., supra; Hays* v. *Ewing, supra.*)

As stated in *Griffith*, at page 830, "the act of negligence alleged occurred when the attorney misadvised plaintiff, even though plaintiff did not discover the negligence nor the fact that he had been damaged thereby until later."

Even under the rule followed in medical malpractice cases, the instant action would be barred. In those cases the applicable period is one year (Code Civ. Proc., § 340, subd. 3) but it does not start to run until the time when a plaintiff discovers the wrongful act or the date when by the exercise of reasonable diligence he should have discovered it. (*Hurlimann* v. *Bank of America,* 141 Cal.App.2d 801, 802-803 [297 P.2d 682]; 1 Witkin, Cal. Procedure, Actions, p. 641, § 133.)

The original complaint in the instant action is verified by appellant and alleges the following: "That on or about the 23rd day of August, 1957 the said Sergio Hernandez abandoned the plaintiff, stating to her that said marriage by proxy was illegal, and subsequently thereto filed suit and obtained a judicial declaration that her marriage by proxy was actually void and null, ..."

Appellant *omitted* any mention of these matters in her subsequent pleadings. ▉ However, in determining when appellant, by the exercise of reasonable diligence, should have discovered that respondent had misadvised her, we are not limited to the allegations of the third amended complaint. We are also entitled to consider her prior verified pleadings.

In *Hardy* v. *Admiral Oil Co.,* 56 Cal.2d 836, the Supreme Court stated at page 840 [16 Cal.Rptr. 894, 366 P.2d 310]: "In testing the sufficiency of a verified amended pleading, however, courts are not limited to the allegations of the particular document under attack. Facts once alleged under oath, rendering an original pleading vulnerable to attack, cannot be withdrawn from consideration by the simple expedient of filing an amended pleading omitting such facts without explanation. ... [T]his rule has most frequently been invoked in determining the sufficiency of an amended pleading as against a general demurrer, ..." (see also: *Lamoreux* v. *San Diego etc. Ry. Co.,* 48 Cal.2d 617, 623 [311 P.2d 1]; *Wennerholm* v. *Stanford University School of Medicine* 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]).

■ The action referred to by appellant in the third amended complaint was commenced by Hernandez on August 30, 1957.[2] He alleges in his complaint that he was in Lima, Peru, on September 25, 1954, and was not present at the marriage ceremony held in San Francisco. He asked that the court declare that he and appellant were never husband and wife.

Appellant appeared in that action on September 17, 1957. She was represented throughout that litigation by attorney Miguel A. Leite. She makes no contention that any attorney-client relationship between respondent and herself then existed.

We think that, even under the more liberal rule followed in the medical malpractice actions, the statute of limitations should have started to run by at least the time when appellant appeared in the action brought by Hernandez. Appellant then had full knowledge of Hernandez's claim that the proxy marriage was invalid and she was being advised by new counsel.

In addition to the allegations of carelessness and negligence, appellant also has alleged that respondent "knew that this marriage was in fact invalid but he fraudulently and deceitfully concealed this fact from the plaintiff, . . ."

The demurrer also pleaded section 338, subdivision 4, of the Code of Civil Procedure, which provides for a three-year limitation in actions "for relief on the ground of fraud . . . ." This subdivision also provides that "[t]he cause of action in such case [is] not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud. . . ."

However, even if the action is to be treated as being grounded upon fraud, the period would start to run no later than September 17, 1957, and would likewise be barred.

Respondent's counsel have favored us with an excellent discussion on the validity of proxy marriages performed in California. There are no California appellate court decisions directly in point. A federal court interpreted a Nevada statute that required that "the parties shall declare, in the presence of the judge, minister or magistrate, and the

[2]The trial court in passing on the demurrer to the third amended complaint was entitled to take judicial notice of this action and the records therein. (*Flores* v. *Arroyo*, 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263]; *Rousseau* v. *Raoul-Duval*, 203 Cal.App.2d 589 [21 Cal.Rptr. 751]; *Taliaferro* v. *Taliaferro*, 178 Cal.App.2d 140, 141-144 [2 Cal.Rptr. 716].)

attending witnesses, that they take each other as husband and wife; ..." (*Barrons* v. *United States*, 191 F.2d 92, 95-98, affirming *United States* v. *Barrons* (D.C. Cal.) 91 F. Supp. 319, 321.) It upheld the validity of a proxy marriage performed in Nevada, stating as follows: "Superficially, the statute could be construed to require that the declaration be made by the parties personally, and that a proxy marriage is therefore invalid. That construction is not required, however. The statute does not clearly preclude the possibility of making the requisite declaration through an authorized agent, designated for that purpose."

Respondent cites *Lucas* v. *Hamm*, 56 Cal.2d 583 [15 Cal. Rptr. 821, 364 P.2d 685], to the effect that an attorney "is not liable for being in error as to a question of law on which reasonable doubt may be entertained by well-informed lawyers." (P. 591.)

However, as stated above, appellant has alleged in her third amended complaint that respondent "knew that this marriage was in fact invalid but he fraudulently and deceitfully concealed this fact from the plaintiff, . . ."

Assuming, as we must on this appeal, that this allegation is true, we have doubt as to whether we can apply *Lucas* v. *Hamm, supra, at this time.* In any event, a determination of the validity of the proxy marriage involved herein is unnecessary to our decision.

The judgment is affirmed and the appeal from the order sustaining the demurrer without leave to amend is dismissed, it being a nonappealable order.

Shoemaker, P. J., and Taylor, J., concurred.