[L. A. No. 28813.    In Bank.    Apr. 25, 1966.]

JOHN ALTER et al., Plaintiffs and Appellants, v. JOHN A. MICHAEL, Defendant and Respondent.

Cadoo, Tretheway, McGinn & Morgan, John J. Cheroske and Joseph P. Shanahan, Jr., for Plaintiffs and Appellants.

Kinkle, Rodiger, Graf & Dewberry, William B. Rodiger and Eldon W. Bergstrom, Jr., for Defendant and Respondent.

BURKE, J.—  █  On July 24, 1963, plaintiffs filed a malpractice action against defendant attorney at law, alleging that during the period of October 1961 through April 1962 defendant had acted negligently in the conduct of certain

legal matters which plaintiffs had retained him to handle. The trial court granted defendant's motion to dismiss, based on the affirmative defense of the one-year statute of limitations found in subdivision 3 of section 340 of the Code of Civil Procedure,[1] and set up in defendant's answer. Plaintiffs appeal from the ensuing judgment. As will appear, we have determined that the alleged cause of action falls instead within the two-year period specified in subdivision 1 of section 339, and that the judgment should be reversed.

Commencing with *Hays* v. *Ewing* (70 Cal. 127 [11 P. 602]) in 1886, California courts have uniformly declared that the statute of limitations applicable to an action against an attorney at law for alleged negligence in the performance of professional services is the two-year period provided in subdivision 1 of section 339 within which may be brought "An action upon a contract, obligation or liability not founded upon an instrument of writing, . . ." (*Jensen* v. *Sprigg* (1927) 84 Cal.App. 519 [258 P. 683]; *DeGarmo* v. *Luther T. Mayo, Inc.* (1935) 4 Cal.App.2d 604, 606 [2] [41 P.2d 366]; *Griffith* v. *Zavlaris* (1963) 215 Cal.App.2d 826, 828 [1a] [30 Cal.Rptr. 517]; *Bustamante* v. *Haet* (1963) 222 Cal.App.2d 413, 414-415 [1] [35 Cal.Rptr. 176]; see also *Stark* v. *Pioneer Casualty Co.* (1934) 139 Cal.App. 577, 582 [34 P.2d 731]; *Wheaton* v. *Nolan* (1934) 3 Cal.App.2d 401 [39 P.2d 457].)

Until the 1905 code amendments subdivision 4 of section 339 made the two-year period applicable also to "An action to recover damages for the death of one caused by the wrongful act of another"; i.e., to wrongful death actions. However, in 1905 subdivision 4 was deleted from section 339; and section 340, which specifies a one-year limitations period, was amended by enlarging subdivision 3 thereof to include an action "for injury to or for the death of one caused by the wrongful act or neglect of another. . . ."[2] (Code Amends. 1905, pp. 231, 232.)

An action by a patient against a physician and surgeon for injuries sustained by reason of negligent or unskilled treatment, i.e., a medical malpractice action, is held to sound in tort rather than upon a contract and to be barred after one year under the quoted provision of section 340, subdivision 3. (*Huysman* v. *Kirsch* (1936) 6 Cal.2d 302, 306 [1] [57 P.2d

---

[1] All section references herein are to the Code of Civil Procedure.

[2] Section 340, subdivision 3, had theretofore covered only: "An action for libel, slander, assault, battery, or false imprisonment."

908]; *Stafford* v. *Shultz* (1954) 42 Cal.2d 767, 775 [2-3] [270 P.2d 1]; *Harding* v. *Liberty Hospital Corp.* (1918) 177 Cal. 520 [171 P. 98]; *Weinstock* v. *Eissler* (1965) 224 Cal.App.2d 212, 226-227 [36 Cal.Rptr. 537]; *Hurlimann* v. *Bank of America* (1956) 141 Cal.App.2d 801, 802-803 [1] [297 P.2d 682], and cases there cited; see also *Marty* v. *Somers* (1917) 35 Cal.App. 182 [169 P. 411].)

Defendant argues that a malpractice action against an attorney likewise sounds in tort rather than in contract and should also be barred in one year, that there is no indication that the Legislature in enacting the 1905 code amendments intended a two-year period to continue to apply to lawyers under subdivision 1 of section 339 while only a one-year period would apply to doctors under subdivision 3 of section 340, that no court has yet reviewed the issue, and that it should now be done.

Under settled principles of law we are constrained to hold that the legislative intent has been expressed and that the frequent declarations of the courts on the subject of the statute of limitations which governs the two categories of malpractice actions (legal and medical) should not now be disturbed. As noted, following the 1905 amendments and commencing in 1927 with *Jensen* v. *Sprigg* (1927) *supra,* 84 Cal.App. 519, several appellate court decisions have stated that the two-year period of section 339, subdivision 1, applies to legal malpractice actions, and at least as early as 1917 (*Marty* v. *Somers* (1917) *supra,* 35 Cal.App. 182) the one-year period of section 340, subdivision 3, was held to govern medical malpractice actions.

Meanwhile section 340 has been amended five times, and on the first four of such occasions subdivision 3 was enlarged by the inclusion of further categories of actions to which the one-year statute would apply. (Stats. 1929, p. 896; Stats. 1939, p. 3036; Stats. 1949, ch. 863, § 1; Stats. 1953, ch. 1382, § 1; Stats. 1963, ch. 1681, § 2.) Section 339 was likewise amended and subdivision 3 added thereto to cover an action based upon rescission of an oral contract. (Stats. 1961, ch. 589, § 7.) At no time, however, has either section been amended to mention an action for legal malpractice, although the 1953 amendment to section 340, subdivision 3, added actions for neglect against those practicing "veterinary medicine."

"Statutes are to be interpreted by assuming that the Legislature was aware of the existing judicial decisions. [Citation.] Moreover, failure to make changes in a given statute in a particular respect when the subject is before the Legislature,

and changes are made in other respects, is indicative of an intention to leave the law unchanged in that respect." (*Kusior* v. *Silver* (1960) 54 Cal.2d 603, 618 [5, 6] [7 Cal.Rptr. 129, 354 P.2d 657]; see also *Bellman* v. *County of Contra Costa* (1960) 54 Cal.2d 363, 367-368 [5 Cal.Rptr. 692, 353 P.2d 300]; *State of California* v. *Industrial Acc. Com.* (1957) 48 Cal.2d 355, 364 [7] [310 P.2d 1]; *Cole* v. *Rush* (1955) 45 Cal.2d 345, 356 [8-10] [289 P.2d 450, 54 A.L.R.2d 1137].) Accordingly, it is our conclusion that the Legislature is aware of the decisions declaring that the two-year limitations period of section 339, subdivision 1, governs legal malpractice actions, and has demonstrated an intention to leave that rule unchanged.

Arguments that discrimination results in favor of doctors and against lawyers should be addressed to the Legislature and not to the courts. We note, however, the rule that the one-year period applicable to a medical malpractice action does not commence to run until the patient discovers his injury or through the use of reasonable diligence should have discovered it (*Stafford* v. *Shultz* (1954) *supra,* 42 Cal.2d 767, 776 [4]; *Huysman* v. *Kirch* (1936) *supra,* 6 Cal.2d 302, 307-313; *Weinstock* v. *Eissler* (1964) *supra,* 224 Cal.App.2d 212, 226-227; *Hurlimann* v. *Bank of America* (1956) *supra,* 41 Cal.App.2d 801, 802-803), whereas the two-year period which governs a legal malpractice action runs from the time of the negligent acts (*Bustamante* v. *Haet* (1963) *supra,* 222 Cal.App.2d 414-415, and cases there cited). In this respect the rules could be viewed as discriminating in favor of lawyers. (See *Griffith* v. *Zavlaris* (1963) *supra,* 215 Cal.App.2d 826, 830-831, commenting that any seeming harshness in this respect as between medical and legal malpractice actions is for the Legislature to change, not the courts.) That the Legislature is aware of the differing rules as to when limitations statutes commence to run is demonstrated by the 1961 amendment which added subdivision 3 to section 339 (to cover actions based upon rescission of oral contract) and expressly declared that under certain circumstances the time begins to run from "the date upon which the facts . . . occurred," and under other circumstances it "does not begin to run until the discovery . . . of the facts . . . . ."

The judgment is reversed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Peek, J., and Mosk, J., concurred.