[Civ. No. 591. Fifth Dist. Dec. 13, 1966.]

LOUISE SINGH FAZIO, Plaintiff and Appellant, v. NELSON HAYHURST, as Executor, etc., Defendant and Respondent.

C. Ray Robinson and Conrad R. Kohrs for Plaintiff and Appellant.

McCormick, Barstow, Sheppard, Coyle & Best and William B. Boone for Defendant and Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment of dismissal entered following an order sustaining respondent's general demurrer to appellant's amended complaint without leave to amend.

The original complaint asserted a cause of action seeking to recover damages against the estate of a deceased attorney for alleged malpractice, and was filed April 1, 1965. Demurrer was sustained to that complaint on the ground that it was barred by the two-year statute of limitations. Leave to amend, however, was given in this ruling.

Appellant thereafter filed a first amended complaint, alleging in the first cause of action: (1) that plaintiff was formerly Louise Singh, the surviving spouse of Sohn Singh, deceased, (2) that Irvine Pressley Aten was a Fresno attorney who died November 15, 1964, and defendant Hayhurst is the executor of his will, (3) that on or about December 15, 1961, appellant orally retained Aten as attorney to represent her in regard to her community property rights in the estate of Sohn Singh, her deceased husband, and Mr. Aten undertook to do so, (4) that Aten negligently performed his duties in that he advised plaintiff to take under the will of Sohn Singh, prepared a formal written election to take under the will, dated October 23, 1962, had plaintiff execute it, and filed the same in the probate proceedings, (5) that on April 8, 1963, Aten negligently prepared and presented an Order Settling Final Account and Decree of Distribution in the Singh estate, treating all of the estate as Singh's separate property, whereas

*Assigned by the Chairman of the Judicial Council.

property valued at $320,448.85 was, in fact, community property, (6) that the Order Settling Final Account and Decree of Distribution was entered and filed in the Singh estate on April 8, 1963, distributing the estate in accordance with Singh's will, (7) that Aten negligently failed to advise plaintiff to revoke her election prior to entry of the final decree on April 8, 1963, and (8) that as a result of the negligence appellant received as distributee of Singh's estate $47,661.73 less of the assets than if she had claimed community rights, this latter sum being claimed as damages.

The second cause of action in the amended complaint alleged exactly the same matters except that the word ''mistakenly'' was substituted for the word ''negligently,'' and it was further alleged that appellant did not discover any of the mistakes until on or about December 1, 1964.

Respondent's demurrer to the first amended complaint was based on the ground that the statute of limitations barred the first cause of action and the second cause of action, and demurred on the ground that the second cause of action did not state a cause of action.

The ruling insofar as it sustains the demurrer as to the negligent act alleged to have taken place on October 23, 1962, that is the preparation, execution and filing of the formal written election to take under the will, was a correct ruling. The two-year statute of limitations does apply, and the time elapsed between the occurrence alleged and the filing of the complaint is clearly barred in the two-year statute of limitations, even extending the period one year from the date of Aten's death as we are required to do by the provisions of Code of Civil Procedure section 353.[1]

█ It is established in this state that a cause for damages arising out of an attorney's malpractice survives his death (Prob. Code, § 573; Witkin, Cal. Procedure (1965 Supp.) Actions, §§ 177-181, pp. 288-290), and that the two-year statute of limitations contained in Code of Civil Procedure section 339, subdivision 1 is applicable to actions brought against an attorney for malpractice. (*Alter* v. *Michael*, 64

---

[1]''If a person entitled to bring an action die before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced by his representatives, after the expiration of that time, and within six months from his death. If a person against whom an action may be brought dies before the expiration of the time limited for the commencement thereof, and the cause of action survive, an action may be commenced against his representatives, after the expiration of that time, and within one year after the issuing of letters testamentary or of administration.'' (Code Civ. Proc., § 353.)

Cal.2d 480 [50 Cal.Rptr. 553, 413 P.2d 153]; *Bustamante* v. *Haet*, 222 Cal.App.2d 413, 414 [35 Cal.Rptr. 176]; *Griffith* v. *Zavlaris*, 215 Cal.App.2d 826, 828 [30 Cal.Rptr. 517].)

█ It is also well established that the cause of action for an attorney's malpractice accrues on the date of the negligent act, and not the date of the discovery thereof. (*Griffith* v. *Zavlaris, supra; Bustamante* v. *Haet, supra; Alter* v. *Michael, supra; De Garmo* v. *Luther T. Mayo, Inc.*, 4 Cal.App.2d 604, 606 [41 P.2d 366].) This view conforms generally with that in other jurisdictions. (118 A.L.R. 215.)

Respondent contends the only negligent act here charged is the act of making the election to take under the will of Singh, and that subsequent action or inaction by counsel cannot be the basis for a suit grounded upon negligence. This does not, however, appear to be necessarily true. There appears to be no reason why several acts of negligence might not be pleaded, nor is there any reason to feel bound on the demurrer to hold that the making of an election is a final act and not subject to revocation. Indeed, *Estate of Dunphy*, 147 Cal. 95, 104 [81 P. 315], would certainly indicate that such an election might well be revocable.

█ The attorney, here, had a continuing relationship with his client, which did not result in any actual damage to her until such time as her election was acted upon, that is, until the date of the final distribution, although from the record before us it appears that perhaps this election became final earlier upon a partial distribution of the estate being made to appellant in accordance with Singh's will. In any event, Code of Civil Procedure section 353 extends the statute of limitations one year from the date of Aten's death, that is, November 15, 1964, and the pleading of the negligent acts occurring on April 8, 1963, brings this element of the pleading well within the statutory period so determined. █ The sustaining of the demurrer as to the second cause of action appears to be proper, in that the allegation of mere mistake is not a ground for holding an attorney liable. (*Lucas* v. *Hamm*, 56 Cal.2d 583, 591 [15 Cal.Rptr. 821, 364 P.2d 685]; *Sprague* v. *Morgan*, 185 Cal.App.2d 519, 523 [8 Cal.Rptr. 347].) Appellant's attempt, therefore, to come within the three-year period delineated in Code of Civil Procedure section 338, subdivision 4, is not effective.

The judgment is affirmed as to the second cause of action; the judgment is reversed as to the first cause of action and

the trial court is directed to sustain the demurrer as to that cause of action but is to allow appellant leave to amend. Appellant to recover costs on appeal.

Conley, P. J., and Stone, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 8, 1967.