[Civ. No. 23787.   First Dist., Div. Three.   Nov. 27, 1967.]

DAVID L. MOONIE, Plaintiff, Cross-defendant and Respondent, v. FRANK W. LYNCH, Defendant, Cross-complainant and Appellant.

Fitzsimmons & Petris and Anthony W. Hawthorne for Defendant, Cross-complainant and Appellant.

Lewis & Whiting and Sam J. Whiting for Plaintiff, Cross-defendant and Respondent.

BRAY, J.*—Defendant appeals from judgment dismissing a cross-complaint for alleged malpractice of an accountant, after demurrer sustained without leave to amend on ground that the alleged cause of action is barred by the statute of limitations.

QUESTION PRESENTED

Does the statute of limitations in an action for alleged malpractice by an accountant start to run from the alleged negligent act, from discovery of the negligence, or from the date when defendant was notified of the income tax penalty assessment?

May 15, 1963, plaintiff David L. Moonie, a certified public accountant, filed an action in the municipal court against

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

defendant Frank W. Lynch, for services rendered and accounts stated. The services were alleged to have been rendered between January 1, 1959 and January 1, 1961. On November 5, 1963, defendant filed a cross-complaint alleging that plaintiff negligently prepared defendant's 1956 federal income tax return which resulted in defendant being damaged in the sum of $19,336.25 due to an income tax penalty assessment. Plaintiff demurred to the cross-complaint and by stipulation the demurrer was sustained with leave to amend. Thereafter, defendant filed an amended answer, cross-complaint and counterclaim.[1] These alleged plaintiff's employment on or about January 1, 1956, to prepare and file for defendant a federal income tax return for the year 1956, plaintiff's negligence in the preparation of the tax return prepared and filed by plaintiff; that in April 1962 defendant was notified by federal tax officials that there was a deficiency in defendant's taxes for 1956 and that defendant was assessed finally and paid the government a penalty of $19,336.25 for such deficiency. Plaintiff demurred to the answer, cross-complaint and counterclaim generally and that the alleged causes of action were barred by the provisions of section 339, subdivision 1 of the Code of Civil Procedure. The court sustained the demurrer without leave to amend and dismissed the action as to the alleged malpractice.[2] Thereafter, judgment in favor of plaintiff in the sum of $1,300 was stipulated, defendant waiving his right to appeal therefrom, but reserving his right to appeal from the judgment of dismissal of his cross-complaint.

## The Statute of Limitations

The parties agree that the two-year statutory period of section 339, subdivision 1 of the Code of Civil Procedure controls in this case, the issue being when does it start to run? Plaintiff contends that it starts when the alleged negligent act occurs. Defendant contends that the starting date is from either the date of discovery of the act or from the date when injury occurs as a result of the act—here, when defendant was required to pay the tax penalty. Assuming that the starting date is either of the two suggested by

---

[1]The cross-complaint contained two alleged causes of action. One for breach of warranty and one for malpractice. The counterclaim was for alleged negligence.

[2]Defendant's counsel was not present at the hearing of the demurrer and later moved to set aside the order sustaining demurrer and dismissing the cross-complaint on the ground of surprise. The court denied the motion.

defendant, his pleadings are defective in that nowhere is it alleged when defendant discovered the alleged negligent preparation of the return, whether defendant paid the penalty, and if so, when it was paid. However, if necessary, the pleadings possibly could be amended to supply these facts.

The date when the statute of limitations starts to run in an action for malpractice or negligence by an accountant has never been determined in California. The parties argue by analogy—defendant to the rules in physicians' and insurance agents' malpractice cases, and plaintiff to the rule in attorney malpractice cases. The statute in physician malpractice cases does not begin to run until discovery of the injury. *Huysman* v. *Kirsch* (1936) 6 Cal.2d 302 [57 P.2d 908]. In attorneys' malpractice cases the statute commences to run when the negligent act occurs. (*Griffith* v. *Zavlaris* (1963) 215 Cal.App.2d 826 [30 Cal.Rptr. 517].) In insurance agent malpractice the statute does not start to run until a judgment against the intended insured which the neglected insurance was intended to cover has been obtained. (*Walker* v. *Pacific Indem. Co.* (1960) 183 Cal.App.2d 513 [6 Cal.Rptr. 924].)

In *Walker*, where the insurance broker negligently secured automobile liability insurance in an amount less than that ordered by the car owner, and, as a result, the owner was not sufficiently insured against a judgment obtained against him because of the negligent operation of his truck, the opinion discusses the starting date for the statute of limitations in certain situations: ''[A]n action for malicious levy of execution accrues when the levy is made, rather than when judgment enjoining the execution is entered. (*Wood* v. *Currey,* 57 Cal. 208); an action upon negligent report of title accrues when the report is made, rather than when the title is quieted in the true owner (*Lattin* v. *Gillette,* 95 Cal. 317 [30 P. 545, 29 Am.St.Rep. 115]); an action against a sheriff for negligent publication of notice of sale under execution accrues when the sheriff's certificate of sale is issued, and not when the purchaser's quiet title action resulted in a decree that he had no title (*Medley* v. *Hill,* 104 Cal.App. 309 [285 P. 891]) . . . and an action against an attorney for negligent representation of his client accrues when the negligence occurs (*De Garmo* v. *Luther T. Mayo, Inc.,* 4 Cal.App.2d 604 [41 P.2d 366]).'' (At pp. 517-518.) The court then said: ''In each, a clear and definite loss accrued at the time the cause of action was held to have accrued. In those in which legal

proceedings followed the breach of duty but preceded the action for such breach, the intervening proceedings served to make clear the measure of the loss, but a loss sufficiently substantial to support an action accrued when the duty was breached.'' (At p. 518.)

In our case, until defendant learned that a penalty was to be assessed against him by the government, defendant had no way of knowing that his tax return had been improperly prepared, and, just as in *Walker* the car owner did not have a cause of action against the insurance broker until he was injured by having a judgment rendered against him, defendant did not have a cause of action against plaintiff until the government assessed, or to plaintiff's knowledge was about to assess, a penalty. Defendant at all times was liable for the deficiency but the deficiency in itself did not cause injury for which he could recover against plaintiff. It was the assessment of the penalty due to plaintiff's alleged negligence which gave defendant a cause of action against plaintiff.

The case that comes nearest to the situation in the case at bench is *L. B. Laboratories, Inc.* v. *Mitchell* (1952) 39 Cal.2d 56 [244 P.2d 385]. There the plaintiff and the defendant accountant entered into a written contract by the terms of which the accountant was to prepare and file the plaintiff's income tax returns. The plaintiff alleged in his complaint against the defendant that the defendant had breached the contract in that due to the defendant's negligence in preparing and filing the plaintiff's tax return, the plaintiff had a penalty assessed against him. The trial court awarded plaintiff damages holding that the action was on the contract and that the applicable statute of limitations was section 337, subdivision 1, of the Code of Civil Procedure, the period of limitations for written obligation. The Court of Appeal reversed the trial court holding that the action was one ex delicto and that the two-year period of section 339, subdivision 1, of the Code of Civil Procedure barred the action. The Supreme Court reversed the Court of Appeal, holding that the action was on the contract and affirmed the trial court's judgment in favor of the plaintiff. It was contended that the suit had been filed more than four years after the filing of the return. However, the Supreme Court held that the statute had been tolled by certain acts of concealment of the defendant. Although no discussion appears in the decision concerning the starting date of the statute of limitations, it is clear that the court assumed that the statute commenced to run from the date of the filing of the return but that the

statute was tolled by the defendant's acts after the filing of the return. For this reason, the case can hardly be considered as authority as to the starting date of the statute in a malpractice action against an accountant.[3]

Prior to *Huysman, supra,* 6 Cal.2d 302, the rule in medical malpractice cases was that the statute began to run from the time of the negligent act. In *Huysman,* however, the court reviewed certain New York and Ohio cases holding that the statute of limitations did not commence to run until injury followed the negligent act, and refused to follow the previous California cases on the subject, saying, concerning the New York and Ohio cases, "The foregoing authorities, in our opinion, announce a just and most equitable rule, and we are disposed to follow them." (At p. 310.)

*In Griffith* v. *Zavlaris, supra* (1963) 215 Cal.App.2d 826, an action for alleged malpractice against an attorney, we reviewed a number of the cases holding that the statute commences to run from the time of the negligent act. This court stated: "Although the application of the rules of legal malpractice actions may seem harsh, nevertheless it would appear that if the time-honored rule as to the commencement of the limitation provided in section 339, subdivision 1, is to be changed, it should be changed by the Legislature with appropriate conditions, so that the liability of an attorney would not exist indefinitely." (At pp. 830-831.)

As we have pointed out, there is no rule established as to the commencement of the time for bringing an action against an accountant for malpractice, let alone a "time-honored" rule. Therefore, we see no reason to apply the "harsh" rule of the attorney's malpactice cases to this case. The circumstances of this case (assuming that the allegations of the cross-complaint are true and that defendant filed this action within two years of the discovery of the alleged negligence, or the time when with reasonable diligence he should have discovered it) cry aloud for a rule which would not have required defendant to have brought his action in a period before he could have known that plaintiff had been negligent and that he, the defendant, had been injured.

We, therefore, hold that in a malpractice action

---

[3] Although one of the causes of action alleged in defendant's cross-complaint appears to be one for breach of contract, defendant makes no contention that section 337, subdivision 1 of the Code of Civil Procedure —the four-year statute—is applicable here but states that section 339, subdivision 1 of the Code of Civil Procedure—the two-year statute—is the applicable one.

against an accountant the statute of limitations does not run until the negligent act is discovered, or with reasonable diligence could have been discovered.

As before stated, the cross-complaint and counterclaim are defective in that they do not show when plaintiff discovered or with reasonable diligence should have discovered the negligent act. Perhaps, under the facts as they exist, defendant may not be able to show that the action is brought within the statutory period as we have defined it. At least, he should be given an opportunity to do so, if he can. That portion of the judgment sustaining the demurrer is affirmed but that portion denying the right to amend and the order dismissing the action as to the cross-complaint and counterclaim are reversed.

Each party will bear his own costs.

Draper, P. J., and Salsman, J., concurred.