[Civ. No. 25558.   First Dist., Div. Four.   Aug. 6, 1969.]

WILSON B. COOK et al., Plaintiffs and Respondents, v. REDWOOD EMPIRE TITLE COMPANY OF MENDOCINO COUNTY, Defendant and Appellant.

Spurr, Brunner & Nelson and W. H. Brunner for Defendant and Appellant.

Rawles, Nelson, Golden, Poulos & Hinkle and John W. Poulos for Plaintiffs and Respondents.

DEVINE, P. J.—In 1962 the Cooks, plaintiffs, deeded property to certain defendants against whom judgment was rendered but who have not appealed. The escrow was handled by appellant title company. A scrivener employed by appellant mistakenly drew a deed which purported to convey about 55 acres more than the parties had agreed upon. Mr. Cook discovered the error in November 1963 and brought it to the attention of appellant. Appellant persuaded the grantees to reconvey. Redwood's scrivener made a second error. The "correcting" deed left unconveyed an area of about 15 acres. The deed was dated December 4, 1963, and was recorded December 11, 1963. Cook and one of the original grantees (the correcting grantors) both discovered the error on December 8, 1965, from tax bills. The grantee attempted to sell the 15 acres

to Cook. Cook called on Redwood again, and again Redwood tried to persuade the grantees to reconvey, but this time was unsuccessful.

On October 6, 1966, plaintiffs commenced this action against the grantees for reformation and for quiet title. Judgment was for plaintiffs. Plaintiffs also sued Redwood Empire Title Company, in the same action for counsel fees and costs which were made necessary because of the title company's errors. They were awarded $1,650.02. Although the title company defended on several grounds, including negligence of plaintiffs in failing to discover the mistakes, it now appeals on the sole ground of the statute of limitations, Code of Civil Procedure section 339, subdivision 1, which limits actions on oral contracts to two years.

It is appellant's theory that its first act of negligence in performing the contract, done by its employee, the scrivener, was a completed fact when the original deed was executed and delivered in 1962; and that the second act of negligence, the drawing of the deed of reconveyance, was done not as part of a new contract, based on a fresh consideration, but was a gratuitous action on the title company's part. But even if this be not correct, appellant argues, the new transaction was completed when the deed was delivered on December 11, 1963, more than two years before this action was commenced.

We disagree with both of these propositions.

As to the first, we do not deem the action of the title company in attempting to rectify its mistake to be a gratuitous action. The mistake was made known to the company at a time when no defense of the statute of limitations could have been available. The company was almost surely to be held to liability for the wrongful conveyance of a large acreage or for the costs and attorneys' fees in straightening out the title. (*Prentice* v. *North American Title Guar. Corp.,* 59 Cal.2d 618 [30 Cal.Rptr. 821, 381 P.2d 645].) The company therefore had the duty, under implied contract with plaintiffs, of care in preparing the description on the deed of reconveyance.

As to the second proposition, appellant argues that a scrivener and conveyancer has duties similar to those of an attorney at law, and that the rule which applies favorably to lawyers, namely, that the date of the negligent act rather than of its discovery is controlling, should apply. In the first place, we express our reluctance to extend the legal malpractice rule. In *Moonie* v. *Lynch,* 256 Cal.App.2d 361, 365 [64 Cal.Rptr. 55], the court referred to this rule as harsh and refused to

apply it to an action against an accountant for malpractice. In the second place, we reject appellant's contention that its negligent act had been completed either when the original deed or the deed of reconveyance was delivered and recorded. The original grantees did not actually receive title to the excess acreage. The trial court found that these parties did not expect or intend to acquire this property through the escrow opened in connection with the original purchase of the property. It found that they specifically understood that they were acquiring a lesser amount than that which had been described. The court found that the grantees' claims were without any right whatever, and that the grantees have no right, title, lien or interest in the property which is the subject of the action to reform and quiet title. Thus, nothing irrevocable had been accomplished.

The case is quite distinct from those in which an attorney lets the statutory time go by for performing some act whereby his client is forever foreclosed from prosecuting a claim. It is distinct from those cases in which an attorney's negligent advice has effected an irremediable result, such as in *Eckert* v. *Schaal*, 251 Cal.App.2d 1 [58 Cal.Rptr. 817], *Griffith* v. *Zavlaris*, 215 Cal.App.2d 826, 829 [30 Cal.Rptr. 517], and cases cited therein.

The case resembles more closely *Moonie* v. *Lynch, supra,* in which an accountant had negligently prepared an income tax return for the taxpayer, which made the latter liable for a deficiency. Although the taxpayer was liable for the deficiency throughout the years, it was not until assessment therefor was made by the federal tax officials that the cause of action matured. In the present case, the grantees should have reconveyed the erroneously described and never actually conveyed property, after the second error. It was only when they refused to do so, wrongfully, that the negligent act of the scrivener took effect, not in transferring title for it never did so, but in making it necessary for suit to be brought against putative grantees.

The judgment is affirmed.

Rattigan, J., and Christian, J., concurred.